**Ella Katherine CAMP, joined pro forma by her husband, William H. Camp, Jr., Appellants,**

**v.**

**THE COMMISSIONERS' COURT OF EL PASO COUNTY, Texas, Appellees.**

No. 5099.

Court of Civil Appeals of Texas.

El Paso.

April 20, 1955.

Rehearing Denied May 4, 1955.

Andress, Lipscomb & Peticolas, El Paso, for appellants.

Jack Fant, County Atty., Owen H. Ellington, Asst. County Atty., El Paso, for appellee.

McGILL, Justice.

This was a condemnation suit instituted by the Commissioners' Court of El Paso County to condemn for a road right of way a strip of approximately six acres of land

belonging to appellants. Trial to a jury resulted in a judgment fixing the amount of damages at $500 per acre. Appellants were dissatisfied with this award and they have duly appealed.

■ The first point is that the court erred in permitting counsel for appellee to question the witness Bowman with reference to what appellee had paid Maple and others for land in the vicinity of the land in question, and the second point is that the court erred in permitting counsel for appellee to show what the appellee had paid Maple and others for land in the vicinity. Such testimony was inadmissible. Phelps v. State, Tex.Civ.App., 157 S.W.2d 955; City of Dallas v. Malloy, Tex.Civ.App., 214 S.W. 2d 154, writ dismissed.

However, we think the admission of such testimony does not show reversible error. The witness did give his oinion as to the market value of this land, which indicates that he gave no weight to what appellee had paid Maple or others. The error was harmless.

■ The court permitted appellee to elicit testimony from W. H. Camp on cross-examination over objection of appellants to effect that Mrs. Camp had the property rendered for taxation in 1946 at $1 an acre. The contention is made that such rendition was too remote to throw any light on the market value at the time of the trial and was therefore inadmissible. Appellant states that it is well settled that tax renditions made within a short period of time before the time that the value was to be fixed are admissible on the issue of market value. State v. Doom, Tex.Civ.App., 278 S.W. 255; Medrano v. City of El Paso, Tex.Civ.App., 231 S.W.2d 514.

The contention is that here the rendition was too remote. We think this goes to the weight to be given such evidence rather than to its admissibility. This point is overruled.

■ The sixth point is that the court erred in refusing to permit defendant's counsel to cross-examine the witness Ward about a sale from W. H. Camp, Jr., and wife, Ella Katherine Camp, to Pat de Witt, dated October 7, 1954, of property adjoining the property condemned, at $2,000 per acre, and the seventh point is that the court erred in refusing to permit defendant's counsel to cross-examine the witness Broaddus, about the sale of October 7, 1954, from W. H. Camp, Jr., and wife, to Pat de Witt, of the property adjoining the condemned property at $2,000 per acre. Such cross-examination should have been permitted in order to test the witnesses' knowledge of the value of the land. However, the witnesses and the jury did get the information that such sale occurred, and no doubt the jury considered such sale in fixing the value. In view of this the error in refusing to permit cross-examination about such sale became harmless and is not ground for reversal.

■ The eighth point is that argument of counsel for the county to effect that the taxpayers would pay for the land condemned was so prejudicial that its harmful effect could not be and was not cured by the court's prompt instruction to the jury not to consider it. Though highly improper, such argument conveyed no information that the jury did not already have, and the instruction of the court removed any effect it may have had.

All of appellants' points are overruled. The judgment is affirmed.

FRASER, J., not participating.