Merlin A. THOMAS, Appellant,

v.

INTERNATIONAL HARVESTER CO., Appellee.

No. 13472.

Court of Civil Appeals of Texas.

San Antonio.

June 3, 1959.

Rehearing Denied July 1, 1959.

See also 321 S.W.2d 650.

G. Woodson Morris, Edward J. Vance, San Antonio, for appellant.

Carl Wright Johnson, Edward P. Fahey, William R. Simcock, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Bexar County by Merlin A. Thomas against International Harvester Company, for damages for injuries allegedly sustained by him in consequence of the locking of the steering wheel apparatus of a new International truck allegedly manufactured, serviced and inspected by defendant.

Plaintiff further alleged that on or about March 23, 1955, while he was driving the truck on a paved highway in Blanco County, Texas, and as he approached a slight curve in the road, the steering apparatus locked and the truck went off the highway into a ditch and turned over, and as a result plaintiff received serious and permanent injuries.

Plaintiff, Merlin A. Thomas, made an agreed settlement of his compensation claim with Pan American Fire & Casualty Company, the insurance carrier of his employer, Link Petroleum Company, Inc. Pan American Fire & Casualty Company entered the case seeking reimbursement for Workmen's benefits paid by reason of plaintiff's being an employee of Link Petroleum Company, Inc.

The trial was to a jury and, based upon the answers of the jury to the special issues submitted, the trial court rendered judgment for the defendant and plaintiff has prosecuted this appeal. There is no statement of facts in the case.

Appellant has briefed but one point of error, reading as follows:

"First Point: This case should be reversed because counsel for the Appellee in his closing arguments told the jury that the Plaintiff had collected some money from the insurance company for his injuries and that now he and the Intervenor had joined and ganged up to collect some more money from the International Harvester Company."

In the absence of a statement of facts we are unable to determine that the argument was improper, in that it may have found support in the evidence, or may have been in reply to matters raised by the argument of appellant's counsel. In any event, we are unable to say that the making of the alleged improper argument, if error, was harmful error. Under the provisions of Rule 434, Texas Rules of Civil Procedure, this Court must be able to say from the entire record that the making of the argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. This we cannot do in the absence of a statement of facts. Retail Credit Co. v. Hyman, Tex. Civ.App., 316 S.W.2d 769; Texas Employers' Insurance Association v. Roberts, Tex.Civ.App., 281 S.W.2d 104; City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W. 2d 808; Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596.

It is the duty of this Court, in the absence of a statement of facts, to indulge

every reasonable presumption consistent with the record, in favor of the correctness of the judgment of the trial court, and when that is done in this case it requires that the judgment be affirmed. First National Life Ins. Co. v. Herring, Tex.Civ. App., 318 S.W.2d 119; 3–A Tex.Jur. pp. 486 and 487, §§ 391 and 392.

The judgment is affirmed.