Amanda BALLINGER, Appellant,

v.

E. HERREN et al., Appellees.

No. 16067.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 29, 1960.

———◆———

Fulmer, Fairchild & Badders and R. W. Fairchild, Nacogdoches, for appellant.

McAlister & Benchoff and ·Edmund Benchoff, Nacogdoches, for appellees.

MASSEY, Chief Justice.

The appeal taken in this case is predicated wholly upon the contention that there was prejudicial jury misconduct tainting the verdict upon which the judgment was founded.

Appellant's cause of action was for damages on account of personal injuries and automobile property damage growing out of a collision which occurred July 15, 1957. She would have been entitled to a judgment for said damages except for the fact that the jury found in answer to Special Issue No. 1 that her automobile was being driven on the left-hand side, to her, of Railroad Street, in Nacogdoches, Texas, immediately prior to the time of the collision; in answer to Special Issue No. 2, that such was negligence; and in answer to Special Issue No. 3, that such negligence was a proximate cause of the collision. Had the jury found in the negative, the appellant would have been entitled to a judgment.

■ There were several acts alleged to have occurred and to have constituted misconduct operative to the prejudice of the appellant. We have concluded that as to all but one the trial court could have found as a matter of fact that the overt acts complained of either did not occur, did not amount to misconduct, or were not proven by such preponderance of the evidence that a finding thereupon in favor of appellant was compelled. The trial court was not requested to and did not file findings of fact. In such circumstances we view the case as one in which the lower court actually made every fact finding the evidence could have authorized it to make in favor of appellees and against the appellant.

That one overt act as to which the evidence is conclusive was committed by a juror by the name of Dennis. The exact stage of the trial obtaining as of the time the misconduct occurred was not demonstrated by the evidence. Therefore, we do not know whether it occurred before or after the charge had been submitted to the jury. If afterward, we do not know whether Mr. Dennis had or had not reached a conclusion or taken a stand upon what answer should be returned by the jury to Special Issue No. 1 and its companion issues. Mr. Dennis' misconduct consisted in visiting the scene of the collision, inspecting the same, and performing some undetermined character of measurement on the roadway. In connection therewith, it was shown that he wanted to see the place to "be sure" he was "right about it," and it was further shown tha after having examined the scene he stated that it was "just about like I figured." It seems that at the time of the hearing Mr. Dennis was ill and did not appear, but that his wife appeared and gave the only testimony upon the matter contained in the record. It was furthermore shown by her testimony that Mr. Dennis was familiar with the scene of the collision before the time he served as a juror.

■■ Texas Rules of Civil Procedure, rule 327, relating to jury misconduct which requires the granting of a new trial, provides that even though misconduct is proved a new trial will not necessarily be required unless it is also shown to have been material in nature, and that it probably did cause injury to the complaining party. These elements are not shown in the record presented to us on the appeal, for when we indulge every reasonable intendment in the evidence in favor of the prevailing party, as is our duty, we readily conclude that Mr. Dennis found nothing at the scene different from his recollection thereof, that he found nothing at the scene different from what

was undisputed in the testimony, that he had already made up his mind to answer Special Issue No. 1 and its companion issues in the affirmative, and that there was no change in his position after the visit as compared with before such visit, etc.

If the contrary was true it would be appellant's burden to prove it. Here she has neither shown that Dennis' overt act was material in that it was reasonably calculated to harm her, nor that it probably did operate materially to prejudicially affect the verdict which was returned. The point of error is therefore overruled.

We will comment briefly on the other alleged overt acts which appellant treats as either undisputed, or as necessarily having been found in her favor, but as to which we believe an issue was made and therefore to be treated as having been factually resolved against appellant. The trial judge could properly have found that no juror ever gave any information to others concerning independent knowledge of the physical situation at the scene of the collision, or, if the judge had not done so, he could properly have found that mention thereof was promptly followed by a rebuke from another or others, after which there was nothing further. Although the appellees did not testify in denial of one juror's evidence to the effect that he had been provided with free transportation in appellees' taxicab from downtown Nacogdoches to his home, nevertheless, since the juror specifically testified that he was accompanied on such trip by another juror, who denied that such trip was made, and since the juror who affirmed the trip admitted that he accepted the ride knowing it was directly contrary to the court's instructions, the judge could properly have refused to find that such trip was made.

Further, the trial judge could properly have declined to find that juror Banks entered upon the trial with preconceived prejudice influencing his verdict, and that he wrongfully concealed such prejudice on

the voir dire examination of the panel. The only evidence concerning the fact of prejudice came from juror Griffin, and the extent of his testimony on the subject was that shortly following the return of the verdict he talked with Banks in a social club and that Banks made a statement to him to the general effect that he knew when he came down to the courthouse to serve as a juror that if he got on the jury he was not going to give either one of them (appellant and one of the appellees, who was injured) any money, and that "if you give a Negro a dollar it is just a slap in the face to a white man."

From the whole record it appears that Mr. Banks agreed to a figure in personal injury damages as applied to appellant's pain and suffering, past and future, and reduced earning capacity, past and future, which was quite fair in our view, particularly when we observe that no medical or hospital bills were proven and there was no expert medical testimony. There is no evidence in the record as to whether Banks' knew the legal effect of the answers finding the respective negligence of the parties. All the parties to the suit were of the Negro race and there is no indication in the record that liability insurance applies to any part of the case. The juror Griffin's testimony stands alone in the record as the only evidence that Banks made the statement to him. Other evidence in the record demonstrates that in addition to his affidavit for purposes of the motion Griffin testified strongly in support of the motion for new trial, and further that he accompanied appellant's agent and attorney and lent such aid as lay within his power to obtain evidence of jury misconduct for use in behalf of the appellant. We believe his interest and efforts in appellant's behalf were shown to be of such nature and extent that his credibility became a matter of consideration in any factual determination.

The trial judge could properly have found that there was no trading between various factions of the jury as the result of

which Special Issue No. 1 and its companion issues were answered in the affirmative. Appellant contends that such answers were returned as the consideration for an answer finding appellees negligent in a certain respect. A review of the record discloses that it would be entirely proper to find that for a long time the entire jury was in accord upon finding an affirmative answer to Special Issue No. 1 and its companion issues, save and except for the juror Griffin who desired to find an answer in the negative. He did finally agree to answer in the affirmative, however, following which the verdict was returned into court and received and the jury discharged. It was Griffin's testimony that a juror or jurors finally took the position that they were going to refuse to find appellees negligent in a certain respect (immaterial because negligence of these parties was found in several other respects) if Griffin was going to refuse to find in the affirmative as to Special Issue No. 1, etc. (The statement in the sentence immediately preceding is a condensation and reduction of many pages of testimony to a factual conclusion as to just what it was that Griffin was saying took place.)

Since any consideration of what Griffin says in this respect would be to consider as proof his own testimony relating to his mental processes, we may decline to take it into consideration, especially in view of legitimate doubt that there was any overt act of misconduct. With such rejected there remains insufficient evidence having probative force and effect upon which any fact finding in accord with appellant's contention could find support. Even if such support could be found the fact finding would not be compelled when we remember that the credibility of juror Griffin was cast in issue for reasons previously noted. Furthermore, we believe that even had the events taken place as contended such would not constitute the improper action of "trading" in answers rather than arriving at true unanimous answers with proper accord.

Judgment affirmed.