Marjorie WILLIS, Appellant,

v.

Moulton A. GOODRUM, Appellee.

No. 13980.

Court of Civil Appeals of Texas.

San Antonio.

July 11, 1962.

Rehearing Denied Sept. 5, 1962.

Vaughan & Vaughan, San Antonio, for appellant.

Elbert R. Jandt, Seguin, Moulton Goodrum, Baker, Botts, Shepherd & Coates, Houston, for appellee.

BARROW, Justice.

This is an appeal from a take nothing judgment following a jury trial in a suit brought by appellant to contest her mother's will, which had been offered for probate by her brother, Moulton A. Goodrum, as independent executor under his mother's will. Appellant alleged unsound mind and undue influence, but only issues relating to undue influence were submitted to the jury. The jury verdict was adverse to appellant and she has brought this appeal asserting jury misconduct.

Appellant has briefed five points, but all grew out of one incident. After the arguments were concluded, the trial judge, accompanied by all attorneys except one of the attorneys for appellee, left the courthouse for coffee. The jury, on beginning their deliberations, discovered that the exhibits were not with the charge of the court and verbally requested the bailiff to secure same. He went to the court reporter who thereupon started to sort out the various exhibits. The deposition of a witness, Mrs. Davis, was with the exhibits, and when the reporter started to remove the deposition, the attorney for appellee told the reporter that the jury was entitled to see the deposition if they desired. The exhibits and deposition were then taken to the jury room by the bailiff. All of the above events took place without the knowledge of the trial court or the attorneys for appellant.

█ It was error for the bailiff to communicate verbally with the jury, Rule 283, Texas Rules of Civil Procedure, and it was error for the deposition to go to the jury room. Rule 281, T.R.C.P. Error being established, we turn next to the law question of harm. Scoggins v. Curtiss & Taylor, Tex.Civ.App., 219 S.W.2d 451. It is well settled that a party asserting misconduct of the jury or officer in charge of them, or that the jury received other evidence, has the burden of proving that (1) misconduct occurred which was (2) material, and from the evidence, both on the hearing on the motion for a new trial and on the trial of the case, and from the record as a whole, that (3) injury probably resulted to the complaining party. Rule 327, T.R.C.P.; Barrington v. Duncan, 140 Tex. 510, 169 S.W. 2d 462, 464; Watson v. Texas Ind. Ins.

Co., 147 Tex. 40, 46, 210 S.W.2d 989, 992, 993; Pope, Jury Misconduct and Harm, 12 Baylor Law Rev. 1 (1960).

■■ Appellant established the misconduct, but failed to meet points 2 and 3 of the above test. She filed in this Court only the statement of facts on the hearing of the motion for new trial. We have none of the testimony on the trial of the case or the deposition testimony of Mrs. Davis. We do not know what the testimony of Mrs. Davis consisted of, or that she gave testimony concerning undue influence. We can not determine from the limited record before us that the misconduct was material nor that injury probably resulted to appellant. Thus appellant failed to discharge her burden of showing injury from the entire record. Chadwick v. Glens Falls Ins. Co., Tex.Civ.App., 340 S.W.2d 501; Davis v. Damge, Tex.Civ.App., 328 S.W.2d 203; Thomas v. International Harvester Co., Tex. Civ.App., 325 S.W.2d 832. Furthermore, the limited record before us does not establish that the trial was materially unfair as in Texas Employers' Ins. Ass'n v. McCaslin, 159 Tex. 273, 317 S.W.2d 916. Five of the jurors testified on the motion for new trial and only one testified that he even saw the deposition in the jury room. There was no testimony that the deposition was read or referred to by any of the jurors. Therefore, the error in sending same to the jury room was harmless. Michalak v. Dzierzanowski, Tex.Civ.App., 270 S.W.2d 276; Red Top Cab Co. v. Capps, Tex.Civ. App., 270 S.W.2d 273; Texas Life Ins. Co. v. Jordan, Tex.Civ.App., 253 S.W.2d 906.

■ The verbal communication of the bailiff with the jury was improper and constituted error. However, appellant does not assert that she was harmed in any way by the error, and we hold that it was harmless. Ross v. Texas Emp. Ins. Ass'n, 153 Tex. 276, 267 S.W.2d 541; Connor v. Heard & Heard, Inc., Tex.Civ.App., 242 S.W.2d 205.

The judgment is affirmed.