Chris H. ALLAN, Appellant,

v.

MATERIALS TRANSPORTATION COM-PANY et al., Appellees.

No. 3.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 14, 1963.

Rehearing Denied Dec. 5, 1963.

Wm. B. Mobley, Corpus Christi, for appellant.

Guy Allison, of Allison & Longmire, Corpus Christi, for appellees.

NYE, Justice.

This case grows out of a collision which occurred at an intersection on the north-

west corner of the Nueces County Courthouse in Corpus Christi, Texas.

The plaintiff, Allan, was driving a station wagon west on Belden Street. Boykin, defendant and an employee of Materials Transportation Company, the other defendant, was driving their truck tractor east on the same street. At the intersection of Broadway and Belden Streets, the defendant made a left-hand turn in front of Allan while attempting to turn north from Belden Street to Broadway. The collision occurred at this point. Allan sued Materials Transportation Company and their driver-employee, Johnny J. Boykin, for personal injuries and property damage. The case was tried by a jury, and from the verdict and judgment in favor of the defendants, Materials Transportation Company and Boykin, the plaintiff has appealed.

Although the Appellant, Allan, predicates his appeal on the sole question of jury misconduct, the Appellees, by counterpoint, question (1) the jurisdiction of this court, and (2) contend that the trial court erred in receiving the evidence of jury misconduct. The question of jurisdiction is not in this case. We will dispose of the other part of the appellees' counterpoint.

Appellant timely filed his motion and amended motion for new trial setting forth three grounds in his amended motion. First and second grounds were abandoned by appellant. His third ground stated as follows:

*"One of the jurors was guilty of misconduct* in that the Court specifically instructed the jury to 'Be careful not to consider or mention any personal knowledge you may have about any fact or person, which is not shown by the evidence you have heard in this trial. Do not try to gather any evidence for yourself. Your duty is to answer these questions from the evidence you have here and from that alone'; that one juror, Norbert Schwetzer, contrary to the instructions of this Court and during the process of this trial, before the jury had retired for deliberation, went to the scene of the accident in question and observed said scene for an undetermined length of time and that said juror mentioned facts concerning the intersection in question which lead other jurors to presume he was personally aware of the intersection and had personal knowledge as to same, contrary to the Court's instructions." (Italics supplied)

Appellant did not swear to his motion, nor did he attach to it the affidavit of juror Schwetzer or the affidavits of any other jurors, nor did he offer any explanation or excuse as to why affidavits were not secured and exhibited. Appellee filed a motion to strike appellant's amended motion for new trial, to which appellant filed an answer, and attached to it three affidavits. One was from his Attorney, W. B. Mobley, one from juror Jack H. Stanton, and the other from juror L. D. Sassman. The record and affidavits disclose that juror Schwetzer was not the juror that committed misconduct, but that it was a juror by the name of L. D. Sassman. During the hearing on the amended motion for new trial, the trial judge overruled the appellee's motion to strike, received the attached affidavits, and proceeded to hear the testimony of juror Jack H. Stanton and the testimony by deposition of juror L. D. Sassman. Appellee excepted and argues that the affidavits were filed some ten days after the last day an amended motion could be filed, and that the receiving of such affidavits and the testimony from jurors other than the one named in the amended motion for new trial was improper, and tantamount to permitting the appellant to file an additional amendment to his amended motion for new trial, in violation of Rule 329b, Section 2, Texas Rules of Civil Procedure.

Appellee contends that it was error for the trial court to receive this additional evidence and if his contention be correct, the appellant does not have any evidence of jury misconduct on which this Court could

consider. We overrule appellee's counter-point.

■ Appellant's ground for new trial was one of Jury misconduct. Where this ground is alleged, the motion should be supported by the affidavit of a juror or jurors or a reasonable explanation as to why such affidavit cannot be obtained. There is no rule that makes this requirement, but in order to avoid a fishing expedition based on hope and suspicion, the courts have required this. It is the duty of the complaining party when he is suspicious of jury misconduct, and in order to safely assure himself that justice will be done, to follow the correct rules laid down by our Supreme Court in the Roy Jones Lumber Co. v. Murphy case, 139 Tex. 478, 163 S.W. 2d 644 (1942).

"(1) [I]f affidavits are attached to the motion showing material jury misconduct it is reversible error for the trial court to refuse to hear testimony on the motion, * * * *

(2) or, if the motion discloses a reasonable explanation and excuse as to why affidavits cannot be secured and exhibited, in connection with sufficient allegations of material jury misconduct, it is likewise reversible error to decline to hear testimony on the motion, * * * * but

(3) in the absence of such affidavits or a reasonable excuse for not exhibiting the same, a refusal to hear testimony from the jurors on the motion is a matter within the sound discretion of the trial judge."

■ Appellant's motion was not such that would command the trial court to hear the evidence of jury misconduct. However, operating within the sphere of its sound discretion, the trial judge is allowed great latitude in passing on a motion for new trial. Such power was very ably described by Associate Justice Sutton in Equitable Life Assur. Soc. of the United States v. Murdock, 219 S.W.2d 159, 164 (Tex.Civ.App., 1949, ref. n.r.e.).

"The greater latitude is allowed the trial court in granting than in refusing new trials, since in such cases the rights of the parties are not finally settled. There are many apparent reasons why the trial court is permitted to exercise so liberally this inherent power and discretion. The trial court having the parties, the witnesses and counsel before it, and the opportunity to observe their demeanor and conduct during the trial and to note all incidents occurring during its progress likely to affect the results of the trial, is better qualified to judge whether a fair trial has been had and substantial justice done than is the appellate court, it is said. * * * In the opinion of this writer it is this inherent power and the discretion well placed that makes a District Judge the most important officer in the State Government and a good one the most valuable, because armed with this power and discretion, if justice miscarries it is generally his fault."

■ A motion for new trial to the complaining litigant is in fact, as in law, a vital step in the trial and appeal of a jury case. The trial judge's responsibility does not end on the rendition of judgment, but in order that justice be done, it is incumbent upon him to exercise sound discretion and the same impartiality which he manifests throughout the trial in determining whether or not misconduct occurred, and if proved, that injury probably resulted to the complaining party (See McDonald Texas Civil Practice, Section 18.01).

The complaining appellant asserted jury misconduct to the trial court. Rule 327, Texas Rules of Civil Procedure states that: "Where the ground of the motion is misconduct of the jury * * * * that they received other testimony, * * * * the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved,

* * * * be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

 The rules provide that only one amendment to a motion for new trial may be had (T.R.C.P. 329b, Section 2), and the movant shall confine the evidence presented to that covering the alleged ground specified in the motion (T.R.C.P. 320). Where the motion does not contain supporting affidavits, and the motion fails to disclose a reasonable explanation for such absence, we hold that the receiving of additional evidence of jury misconduct from additional jurors other than the juror named in the motion, was discretionary with the trial judge. The hearing of such evidence did not amount to an additional amendment to the amended motion, when the evidence was confined to the ground alleged in the motion. This case, and the evidence contained in its record, is properly before this Court on appeal.

Appellant's point on appeal is that the trial court erred in denying his motion for new trial because one of the jurors visited the scene of the accident in question during the trial of this case. The jury found primary negligence of the appellee which proximately caused the damages to the appellant. The jury further found that the appellant was guilty of contributory negligence in three particulars. First: That the appellant was operating the automobile he was driving at a speed in excess of that speed which a person of ordinary care and prudence would be operating such under the same or similar circumstances. Second: That he drove his vehicle in excess of the statutory speed of thirty miles per hour and that, in driving in excess of thirty miles per hour, the appellant was negligent. Third: That the appellant failed to swerve his vehicle to the right in order to avoid the collision in question. Each of these acts of contributory negligence were found to be a proximate cause of the collision.

 It is undisputed that juror L. D. Sassman visited the scene of the accident after the trial was in progress and during a noon recess for the purpose of making observations of such intersection, and before retiring with the other members of the jury to consider the verdict. This was error for, juror Sassman to visit the scene of the accident, and as such, amounted to jury misconduct.

T.R.C.P. 327, relating to jury misconduct which requires the granting of a new trial, provides that even though misconduct is proved, a new trial will not necessarily be required unless it is also shown to have been material in nature, and that it probably did cause injury to the complaining party. Ballinger v. Herren, 332 S.W.2d 131 (Tex. Civ.App., 1960); 41 Tex.Jur.2d, Section 49. These elements are not shown in the record presented to us on appeal.

The pertinent portions of the testimony taken by deposition of juror L. D. Sassman, Jr., were as follows:

Mr. Sassman stated that he was one of the jurors who ultimately rendered a final decision in the case. That he went to the intersection of Broadway and Belden Streets (at the northwest corner of the Courthouse) during one of the noon recesses after the trial had started but before the case was submitted to the jury. He stated that he stood and looked at the general appearance of the intersection, just getting a feel of the visibility or feeling of the site, and stayed there approximately five minutes. He stated that he had seen this intersection many times since he was raised in Nueces County. The testimony of juror Sassman continued on direct examination by appellant:

"Q. And when you observed the intersection this time what did you notice, if anything, different than any other time you had seen it, if you had?

"A. It seemed the street was wider and the visibility was better than

I remembered, and also the Expressway had been built. * * *

"Q. All right. Now, after you retired to the Jury Room, did you still have—let me ask you, did you or did you not have the recollection of the site in your mind, when you did deliberate with the other jurors?

"A. Yes, subconsciously I did. * * *

"Q. Did your observation of the scene at the time, did it assist you in forming an opinion of the intersection itself?

"A. No, sir; I do not think it did.

"Q. When you went to the jury room to deliberate with the other jurors, did you discuss any of these facts with the jury or other jurors to your knowledge?

"A. Not specifically, to my knowledge, I did not. * * *

"Q. Well, in considering the question by Mr. Mobley (attorney for appellant) and in the issue concerning Mr. Allan's swerving to the right, did you consider the knowledge you gained from the inspection of the site concerning the width in answering that issue?

"A. No, sir, I don't think so, because the exact width was given in testimony."

* * *

ON CROSS EXAMINATION BY APPELLEE:

"Q. Did you see anything while you were standing there five minutes that changed your opinion at all one way or the other?

"A. None whatsoever. * * *

"Q. Did you tell anybody on the jury that you had gone to the intersection and looked at it and what

the lawyers had agreed upon, or what you heard, was right or not right?

"A. No, sir; not to my knowledge.

"Q. When you answered the issues as to speed, as to the speed of Chris Allan's car, as far as you can recall, did you mention or consider anything except the expert testimony as to how fast he was going and not anything else you might have gained from the inspection at the intersection?

"A. No, sir."

Mr. Stanton, another juror, was called as a witness during the hearing on the motion for new trial and he stated that L. D. Sassman was one of the parties serving on the jury with him.

ON DIRECT EXAMINATION BY APPELLANT:

"Q. Do you recall having a conversation or overhearing a conversation with Mr. Sassman relative to the intersection in question on Belden and Broadway?

"A. Yes, sir. * * *

"Q. THE COURT: Did you talk directly to Mr. Sassman?

"A. I listened to his comments. * * *

"Q. Did he expound any degree?

"A. No, just ask questions in the effect of saying "If you are familiar with the site of the accident as I am, then you would reach such and such a conclusion, which I don't recall."

"Q. Did he say that in the presence of the other jurors?

"A. Yes, two or three others."

ON CROSS EXAMINATION BY APPELLEE:

"Q. All right. Do you recall anything the man (Sassman) said

relative to actually going to the scene of the accident; saying anything, or stating what he said, or the way he said it, that made you think he was there?

"A. As I said in the deposition, I was not able to conclusively tell whether he was familiar with the scene of the accident prior to the trial, or whether during the trial he had been to the site of the accident.

"Q. Did he say anything about the visibility, width of the street, type of pavement, or anything to any degree conflicting with the undisputed evidence you had as to the width of the street and the visibility?

"A. I don't recall his statement conflicting with the evidence."

 The testimony on the trial of the case is not before us. The record does not disclose that the appellant subpoenaed any other jurors nor was there any other testimony taken from any other jurors concerning the probable effect of the misconduct of the juror Sassman. We have reviewed the record that is before us very carefully, and therefore hold that from all of the testimony offered, appellant failed to meet the burden imposed by Rule 327, T.R.C.P., to establish by a preponderance of the evidence that probable injury resulted to him which caused or probably caused the rendition of an improper judgment. City Transportation Company v. Sisson, 365 S.W.2d 216 (Tex.Civ.App., 1963); Milstead v. Aynesworth, 341 S.W.2d 942 (Tex.Civ. App., 1960, ref. n. r. e.); Willis v. Goodrum, 360 S.W.2d 182 (Tex.Civ.App., 1962, ref. n. r. e.); Davis v. Damge, 328 S.W.2d 203 (Tex.Civ.App., 1959, ref. n. r. e.), and authorities cited therein.

Appellant, in the examination of the jurors, failed to produce any evidence that showed probable harm to him. We readily conclude, and so find, that there was no evidence of probable harm or any influential connection in the misconduct of juror Sassman that did in any way affect the jury's answers in convicting the appellant of excessive speed or failing to swerve his vehicle to the right. We hold that the misconduct complained of by the appellant, when viewed as a matter of law, was harmless, and could not and did not affect the results of the jury in defeating his cause of action against the appellees.

Finding no reversible error, the judgment of the trial court is affirmed.