J. R. MARTINEZ et ux., Appellants,

v.

H. E. BUTT GROCERY COMPANY,
Appellee.

No. 14253.

Court of Civil Appeals of Texas.

San Antonio.

May 6, 1964.

Jacob G. Hornberger, Laredo, for appellant.

Groce, Hebdon, Fahey & Smith, San Antonio, for appellee.

BARROW, Justice.

This is a slip and fall case, and plaintiffs appealed from a take-nothing judgment rendered upon the jury's verdict that Mrs. Martinez's fall was the result of an unavoidable accident. The jury did not find that either party committed any act of negligence. Damages were found in the amount of $1,800.00 as a result of the fall.

On July 11, 1960, Mrs. Martinez entered the H. E. B. grocery store in Laredo, Texas, to buy groceries, and after walking about ten feet slipped on some mayonnaise which had been dropped on the floor by another customer, Miss Willa Nickens. Miss Nickens testified that after dropping the jar of mayonnaise, as she started to go for a stock boy to clean up the mess, she bumped into Mrs. Martinez and warned her of the mayonnaise; then after taking five or ten steps she heard Mrs. Martinez fall. Mrs. Martinez denied having had any warning or knowledge of the mayonnaise before her fall.

Miss Paredes, a checker employer by appellee, testified that she was checking out a customer at the checking stand, about eight to twelve feet from where the jar was dropped; that she heard it break and immediately turned and called a stock boy who was in the front part of the store, about sixteen feet away. As Miss Paredes turned back, Mrs. Martinez fell. Jose Vichareli, a stock boy employed by appellee, testified that he was putting up window ads about eighteen feet from where the jar was dropped and he heard it drop. He immediately started to go and clean it up, but before he got to where he could see the area, Mrs. Martinez had fallen.

The jury found that appellee knew that the foreign substance was on the floor prior to the time that Mrs. Martinez slipped and fell. In response to Special Issue No. 2, the jury found that the foreign substance had *not* been on the floor for a sufficient length of time for the appellee to have removed it before she slipped and fell. Primary negligence and proximate cause issues were submitted conditioned upon an affirmative answer to this issue and were therefore unanswered.

Appellants present two points as grounds for remand of this case for a new trial. First, it is urged that two of the jurors were guilty of misconduct in visiting the store during the trial and discussing their findings with other jurors. Three jurors

testified on the hearing of the motion for new trial, and at the conclusion the trial court found that two jurors "were guilty of misconduct in conducting their own investigation into the facts of this case by visiting the store of the defendant where the plaintiff slipped and fell, and that such misconduct was not material. The Court further finds and concludes as a matter of law from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that no injury probably resulted to the said plaintiffs by virtue of such misconduct." The trial court then overruled the motion for new trial.

■ It is well settled that a party asserting misconduct of the jury has the burden of proving (1) that misconduct occurred (2) which was material, and, from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole, (3) that injury probably resulted to the complaining party. Rule 327, Texas Rules Civil Procedure; Willis v. Goodrum, Tex.Civ.App., 360 S.W.2d 182.

■■ The viewing of the store by the two jurors was improper and established the misconduct. Murphy v. Davis, Tex. Civ.App., 305 S.W.2d 218; Texas Electric Ry. Co. v. Wooten, Tex.Civ.App., 173 S.W. 2d 463. However, appellants failed to show that this misconduct was material and that injury probably resulted to them from same. Appellants introduced a plat in evidence at the trial, which showed the layout within the store and various material measurements. The two jurors testified that their visit confirmed the accuracy of these measurements. Appellants concede that no new evidence was introduced by these two jurors. It was shown that their mention of the visit to the other jurors occurred in a most casual manner. Nothing prejudicial to appellants was observed by these two jurors on their visit to the store or related in their discussion of same with other jurors. The error was therefore harmless.

By their second point, appellants complain of the trial court's refusal to submit their Special Requested Issue reading as follows: "Do you find from a preponderance of the evidence that the foreign substance had been on the floor for a sufficient length of time for the defendant to have removed the same or safeguarded the area, before *plaintiff slipped and fell?*" It is seen that this requested issue is substantially the same as Special Issue No. 2, with the additional element of whether the defendant had time to safeguard the area. Appellants pleaded that appellee negligently failed to remove the foreign substance or take any precaution to prevent injury to invitees as a result thereof.

In H. E. Butt Grocery Company v. Johnson, Tex.Civ.App., 226 S.W.2d 501, this Court stated the applicable rule as follows:

> "In order to establish liability against the defendant operator of the store it is necessary to show:
>
> "1. That the defendant put the foreign substance upon the floor, or,
>
> "2. That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or
>
> "3. That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care."

See also, O'Neal v. J. Weingarten, Inc., Tex.Civ.App., 328 S.W.2d 793.

The trial court fairly submitted the second theory of liability, but the jury failed to find the necessary elements. A store operator may also have a duty to warn an invitee in certain cases of any danger, known or imputable to it, that might arise from the use of the premises. Wagner v. Lone Star Gas Co., Tex.Civ.App., 346 S.W.2d 645. Appellants urge that although appellee was found not to have had sufficient time to remove the mayonnaise from the floor, its employees should have warned Mrs. Martinez. There is no evidence that any employee of appellee saw her before her fall.

 It is our opinion that the trial court did not err in refusing to submit appellants' requested issue. We doubt seriously that the requested issue fairly submits the duty to warn. In any event the issue is duplicitous and multifarious in that it inquires as to whether appellee (1) had sufficient time to remove the foreign substance, or (2) had time to safeguard the area. The submission of the breach of duty to warn of a dangerous condition, even if raised by proper pleadings and evidence, was waived by appellants' failure to submit a substantially correct issue. Rule 279, T.R.C.P.

The judgment is affirmed.