**T. J. KITTRELL et al., Appellants,**

v.

**STATE of Texas et al., Appellees.**

No. 16402.

Court of Civil Appeals of Texas.

Dallas.

July 24, 1964.

Rehearing Denied Sept. 25, 1964.

McKool & McKool and Marvin Thomas, Dallas, for appellants.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Don R. Stodghill, Leonard E. Choate and Ted Z. Robertson, Asst. Dist. Attys., Dallas, for appellees.

WILLIAMS, Justice.

This is a condemnation case instituted by the State of Texas and County of Dallas against T. J. Kittrell, Sophie Kittrell, and Harry W. Goethe for the purpose of acquiring certain land and improvements thereon for the widening of a highway in Dallas County. The landowners conceded that the State and County had the right to condemn the land which left the sole issue as to the amount of compensation to be paid. Trial to a jury resulted in a verdict and judgment for $18,000, being $1,000 more than the amount awarded by the special commissioners.

From this judgment T. J. Kittrell and wife, Sophie Kittrell, have perfected their appeal by duly executing and filing an appeal bond. However, Harry W. Goethe, said to be an owner of an undivided one-half interest in the land condemned, failed to execute the appeal bond. We sustain appellees' motion to dismiss the appeal as to Harry W. Goethe. Rule 354, Texas Rules of Civil Procedure; Henslee v. State, Tex.Civ.App., 375 S.W.2d 474, at 475.

By their first two points on appeal, briefed together, appellants complain (1) of the trial court's failure to sustain their motion, *in limine*, to instruct counsel for the State and County to refrain from referring to the fact that the proceeds of the condemnation are to be paid for by the taxpayers or the members of the jury as such taxpayers, and (2) of a portion of the closing argument of one of the attorneys for the State wherein he advised the jury that: "This is a State of Texas and County of Dallas project. This is our project. It is your project."

The record reveals that at the time the motion was made, *in limine,* the court said: "Sustained as to members of the jury footing the bill. Overruled as to taxpayers footing the bill."

At the time the jury argument was made counsel for appellants objected and the court ruled as follows:

"MR. THOMAS: Judge, now, I object to him referring to it as a jury project. Please instruct the jury to disregard such remarks and instruct counsel to refrain from making any further statement like that.

"MR. ROBERTSON: It is all our project.

"THE COURT: Well, it isn't the jury's project. Counsel won't inform them it is, and they won't understand it is.

"MR. THOMAS: Thank you, Judge."

No motion for mistrial was made at the time the jury argument was delivered. Instead, appellants waited until after the jury verdict was returned and more than forty days later filed a written motion to declare a mistrial which incorporated, *inter alia,* complaint of the jury argument.

We think that appellants' Points 1 and 2 are without merit and must be overruled for several reasons. As to the motion *in limine* the trial court sustained same in part and overruled the same in part. Appellants have failed to demonstrate harm or prejudice resulting to them as a result of the ruling of the court on this motion made at a time prior to the introduction of any evidence or the statement of any counsel to the jury relating to the matters objected to.

As to appellants' second point relating to jury argument we find no separate bill of exception covering this complaint. We do find the complete jury argument, agreed to by both counsel, incorporated in the statement of facts. Also, there is in the record a written motion for a mistrial incorporating a complaint of the jury argument. We hold that appellants' complaint relating to jury argument has been waived for two reasons. First, the motion for mistrial which embodies the complaint does not appear to have been presented to or acted upon by the trial judge. Secondly, the motion for mistrial was not made at the time the complained of argument was uttered but was filed approximately forty-two days thereafter. It is well settled that a party cannot wait and take a chance with the jury and, following a verdict which is adverse, then move for a mistrial relating to improper argument. Phoenix Indemnity Co. v. Skinner, Tex.Civ.App., 271 S.W.2d 294, 296; Safety Casualty Co. v. Bennett, Tex.Civ. App., 259 S.W.2d 596; Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Dimmitt v. Dimmitt, Tex.Civ.App., 263 S.W.2d 648, 660.

Even though we were to hold that appellants had not waived their point relating to jury argument we would still hold that a review of the entire record in this case fails to demonstrate that such argument complained of resulted in the rendition of an improper verdict or judgment.

Appellants' brief contains the following statement:

"Where improper argument has been indulged in, the adverse complaining party is entitled to a reversal, as a matter of law, if under all the circumstances, there is any reasonable doubt of its harmful effect or unless it affirmatively appears no prejudice resulted. C. F. Frost, et al v. State of Texas, et al, 284 S.W.2d 232 (Civ.App.1955, error ref., n. r. e.)."

Appellants, by this statement, would lead us to believe that the "presumed harm" doctrine is still the law of Texas. A reading of the authority relied upon by appellants demonstrates that instead of supporting the abandoned doctrine of "presumed harm" the Court of Civil Appeals at Austin reiterates the present law of Texas

to the effect that harm is not presumed and that before a judgment will be reversed because of argument the argument must be improper, and must be such as to satisfy the reviewing court that the argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434 and Rule 503, T.R.C.P.; Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 600.

■ Appellants have not discharged their burden to demonstrate to us that the alleged improper argument probably resulted in the rendition of an improper judgment against them. Moreover, we think the court's instruction to the jury would cure any possible error. Frost v. State, Tex.Civ.App., 284 S.W.2d 232; Camp v. Commissioners' Court of El Paso County, Tex.Civ.App., 279 S.W.2d 927; and 41B Tex.Jur., Sec. 297, pp. 362–365. Appellants' Points 1 and 2 are overruled.

Appellants' third point relates to alleged jury misconduct. Upon the hearing of the motion for new trial, Mrs. Wayne H. Thornton, a member of the jury, testified that while the jury was in the process of deliberating Mr. Anderson, the foreman, stated in the presence of the jury: "Now, we have to consider that this is the taxpayers' money we are spending and indirectly it is out of our own pocket." She further stated that another member of the jury, Mr. Bruck, told the other members of the jury that, "We should be careful in our consideration because we would be setting a precedent on other cases here widening Loop 12." She testified that Mr. Bruck also made a statement to the effect that if the jury gave too much money in one case with all the other cases being involved in this project, that the project would cost "us" too much money. No other member of the jury testified on the hearing of the motion for new trial.

■ There appears to be no controversy but that these statements were made in the jury room during deliberations.

Whether statements are made by jurors amounting to misconduct is an issue of fact but whether such alleged misconduct resulted in injury to the complaining party is a question of law. City of San Antonio v. McKenzie Construction Co., 136 Tex. 315, 150 S.W.2d 989; Menefee v. Gulf C. & S. F. Ry. Co., 181 S.W.2d 287, Tex.Civ.App., err. ref. In solving this question we are directed by Rule 327, T.R.C.P. to consider the record as a whole and determine whether probable harm resulted from such misconduct. In Rogers v. Stimson Contracting Co., Tex.Civ.App., 373 S.W.2d 548, Chief Justice Dixon of this court reiterated the rule that under Rules 327 and 434, T.R.C.P. the burden is upon the complainant not only to prove an act of jury misconduct but also to go further and show probable harm resulting from such misconduct. See also Taylor v. Dallas Transit Co., Tex.Civ.App., 351 S.W.2d 554, and Martinez v. H. E. Butt Grocery Co., Tex.Civ.App., 379 S.W.2d 94.

■ Applying these well established rules of law to this record we have carefully examined the entire statement of facts, as well as the testimony of the juror on motion for new trial, and have reached the conclusion that appellants have failed to discharge their burden under Rule 327 and Rule 434, T.R.C.P. to affirmatively demonstrate to us that probable harm resulted from the alleged statements made in the jury room. In the absence of showing that the juror's statement had any influence on the verdict, reversible error is not established. Galan v. Luna, Tex.Civ.App., 103 S.W.2d 844; Trousdale v. Texas & N. O. Ry. Co., 154 Tex. 231, 276 S.W.2d 242; Noyl Corporation v. Houston Independent School District, Tex.Civ.App., 317 S.W.2d 756.

This record reveals that the case was hotly contested by both sides as to the value of the property taken by the State and County. The testimony as to value was conflicting. The appellees presented evidence of market value by witnesses who tes-

tified to various amounts ranging from $16,850 to $17,000. Appellants presented value testimony ranging from $22,792.20 to $27,000. The jury verdict was $18,000, being $1,000 more than the highest valuation placed upon the property by the appellees' expert witnesses. From a review of these facts we are not convinced that the jury was prejudiced against the landowners nor is there any evidence of a concerted effort on the part of the jury to avoid setting a precedent for values of other property in the area.

Appellants' third point is overruled.

The judgment of the trial court is

Affirmed.