**Cleo JOHNSON et ux., Appellants,**

v.

**Jack MITCHELL et al., Appellees.**

**No. 3981.**

Court of Civil Appeals of Texas.

Eastland.

Sept. 17, 1965.

Bradbury, Tippen, Brown & Clement, Foy Clement, Abilene, for appellants.

Mays, Leonard, Moore & Dickson, George W. Leonard, Jr., Sweetwater, for appellees.

GRISSOM, Chief Justice.

Cleo Johnson and wife sued Jack Mitchell and George Morgan for damages suffered by Mrs. Johnson in an automobile collision on Belmont Boulevard in Abilene when Jack Mitchell, an employee of Morgan, drove his car into the rear end of an automobile driven by Mrs. Johnson. The Johnsons alleged that Mitchell was driving an automobile belonging to Morgan behind the automobile driven by Mrs. Johnson and that, as she gave a proper signal and attempted to make a left turn onto Elm Street, suddenly and without warning, Mitchell struck the rear of Johnson's automobile. The defendants alleged that Mitchell saw the automobile driven by Mrs. Johnson ahead of him, going in the same direction on Belmont; that, as Mitchell approached from the rear, Mrs. Johnson stopped her automobile in the middle of the street, suddenly and without warning, causing the damages alleged by plaintiffs.

A jury found with reference to Mitchell that (1) he failed to maintain a proper distance behind Mrs. Johnson; that (2) such failure was negligence and (3) a proximate cause of the collision; that (4) Mitchell failed to keep a proper lookout for the Johnson car and this (5) was a proximate cause of the collision and that (6) Mitchell was driving at an excessive rate of speed, which was (7) negligence and (8) a proximate cause of the collision.

With reference to Mrs. Johnson's alleged contributory negligence the jury found that (9) she stopped suddenly in front of Mitchell; that (10) this was negligence and (11) a proximate cause of the accident; that (12) Mrs. Johnson gave no signal of her intention to stop and (13) this was negligence and (14) a proximate cause of the accident and that (15) Mrs. Johnson stopped

her automobile in the middle of the street and that (16) this was negligence and (17) a proximate cause of the accident.

The jury also found that (18) Mrs. Johnson failed to remove the neck collar and exercise her neck as her doctor recommended and that (19) this was negligence and that (20) it contributed 60 percent to the damages sustained by her. It also found that (21) the collision was not the result of an unavoidable accident.

The jury found that (22) $1,000.00 would reasonably compensate plaintiffs for the injuries proximately caused by Mitchell's negligence; that (23) $720.00 would compensate plaintiffs for the necessary medical and drug bills incurred as a result of the accident and (24) that $480.00 would reasonably compensate plaintiffs for the necessary medical and drug bills which they would, in reasonable probability, incur in the future.

Based on the verdict, the court rendered judgment that plaintiffs take nothing. They have appealed.

Appellants' first point is that the court erred in overruling their motion for a new trial because material jury misconduct prejudicial to appellants was established. They say the following misconduct, which was prejudicial to them, was established: (1) personal inspection of the scene of the accident by jurors; (2) repeated discussion of insurance coverage; (3) improper communication between a juror and Mitchell and (4) reports of other personal injuries. They say that such testimony was material because it injected unsworn testimony with reference to the physical facts at the scene of the accident and that it was prejudicial because all the misconduct discredited appellants' case and was before the jury throughout its deliberations and deprived appellants of a fair trial.

Appellants point out the following alleged misconduct of the jury which they say was established and shown to be prejudicial. They say three jurors visited the scene of the accident during the trial and reported their observations to other jurors; that the foreman reported he went to the scene to get a better picture; that from personal observations they reported that the intersection where the accident happened was marked by a yield the right of way sign and that there was no stop sign; that a juror located the yield the right of way sign, but where she located it was not shown; that jurors reported on the length of the street; that it was wide open and evidence of the existence of an intersecting side street was disregarded by the foreman, because he didn't see it.

Appellants say that viewing the scene of the accident by three jurors and reports thereof to their fellow jurors was shown to be prejudicial to them because their unsworn testimony located a yield the right of way sign in the vicinity of the accident; that the presence or absence of such a sign bore on the traffic flow and established whether Mrs. Johnson should have moved forward or stopped for contemporaneous traffic; that, believing such a yield the right of way sign existed, supported a conclusion that Mrs. Johnson stopped suddenly in obedience to such a sign; that without such sign there was less probability that issues 9, 10, and 11 would have been answered against appellants. Appellants say it was conclusively established that three jurors inspected the scene of the accident during the trial and that the only question here is whether such misconduct was material and prejudicial to appellants. They say that its materiality and prejudicial effect were shown and that such misconduct required granting a new trial. In support of that conclusion they cite Travelers Insurance Company v. Carter (Tex.Civ.App.), 298 S.W.2d 231 (Ref. N.R.E.), and Parris v. Jackson (Tex.Civ.App.), 338 S.W.2d 280.

Appellees' counterpoint is that the court correctly held that material misconduct which probably caused rendition of an improper judgment was not shown. Referring to the pleadings mentioned, appellees point out that the evidence introduced on

the trial showed that Belmont lays diagonally in a southeast-northwest direction between the northwest corner of the intersection of Elm and 16th and runs from the northwest at Butternut into 16th and that it was shown to be a short block; that a plat of the streets at and near the scene of the accident was drawn during the trial in the presence of the jury showing said facts. That is correct. Mrs. Johnson testified she turned off Butternut onto Belmont and, as her direction blinkers showed she was about to turn left onto Elm and as she was stopped and awaiting oncoming traffic, she heard a screech of brakes and saw Mitchell hit her from the rear. She demonstrated her neck collar and the neck exercise prescribed by her doctor. She testified that she went to see Dr. Sibley at the request of the Tower Life Insurance Company, which company paid her doctor bills. No objection was made to questions concerning the insurance money received by her. Upon the trial Mitchell identified the sketch drawn by appellees' counsel during the trial giving a picture of the scene of the accident and that plat was identified by appellants' witness Jones. Mitchell testified that when he got onto Belmont he saw Mrs. Johnson driving in front of him; that this block is not as long as a normal city block; that he saw no signals when Mrs. Johnson stopped the car in front of him; he saw no oncoming traffic; he didn't see anything but her car in front of him and that Mrs. Johnson stopped suddenly in front of him and he did not see any signal of her intention to stop; that she stopped in the middle of the street and there was a minor collision between the two cars and that the accident happened "back this side" of the intersection. Dr. Sibley testified for appellees that Tower Life Insurance Company had him examine Mrs. Johnson. Throughout his testimony there was reference, on both direct and cross-examination, to that insurance company and payments it made to Mrs. Johnson. He testified on cross-examination that where no insurance was involved, the injured party usually recovers faster than where there is insurance; that

he was not an insurance doctor; that he treated both sides but with reference to Mrs. Johnson he was an insurance doctor. Appellees say we should presume the court found all controverted facts in support of its order overruling the motion and that we should presume that the court found, as a fact, that no misconduct occurred. They say there was a conflict in the evidence concerning jurors viewing the scene of the accident; that one juror testified that no juror purported to tell the jury anything about the scene of the accident that it hadn't already heard in the courtroom; that a witness on the motion testified she didn't know that three of the jurors went to the scene; that she heard no juror say he had been to the scene; that she didn't hear any mention of a yield the right of way sign; that juror Hoefer, who passed the scene of the accident in route home to lunch, traveling the most convenient way home, did not tell the jury that the scene of the accident was any different from what the undisputed evidence showed on the trial or that anything was or was not there contrary to any testimony on the trial; that the juror Cearley testified that no juror drew a diagram different from the one drawn on the trial; that one juror mentioned a yield the right of way sign but didn't purport to know whether it was there when the accident happened or say where it was and no one said a stop sign was there. The evidence indicates that mention of a yield the right of way sign was casual. It was undisputed that the place where the accident happened was a short block; that juror Hollis, who did not testify, said there was a yield the right of way sign but no one recalled where she said it was. The foreman said he passed the scene of the accident on his personal business and noticed the streets; that they were just like it was shown by drawing on the blackboard in the courtroom, which showed undisputed facts. It was undisputed that the foreman warned the jurors against consideration of any juror's statement about a yield the right of way sign; that a sketch of the scene was before the jury on the trial

and that what any juror reported could not be used in their deliberations.

Appellees say that mention of a yield the right of way sign, if it occurred, was not prejudicial because (1) no question was asked the jury concerning the duty of anyone to stop or to yield the right of way; that Mrs. Johnson and Mitchell were driving in the same direction and the presence or absence of a yield sign had no bearing on any issue relative to the contributory negligence of Mrs. Johnson; that it was immaterial and its presence or absence could have no bearing upon the issues inquiring whether Mrs. Johnson gave a signal of her intention to stop, or whether she stopped suddenly in front of Mitchell or in the middle of the street and that there was no evidence as to when and at what point in the jury's deliberation mention was made of the absence or presence of a yield sign, whether before or after the contributory negligence issues were answered against Mrs. Johnson.

Mrs. Baird's Bread Company v. Hearn, 157 Tex. 159, 300 S.W.2d 646, 649, is cited in support of the contention that the time jury misconduct occurs may be vital. There, the court said there was "no proof as to the time relationship of the offending statement with this or that particular vote or other development in the course of the deliberations, from which a probable effect on a material issue might be inferred." Appellees say that (3) no location of the yield sign was made so that it could be harmful; (4) that mention thereof was casual; that (5) it was promptly rebuked by the foreman and (6) no new facts were disclosed differing from the undisputed facts shown on the trial. Appellees cite Allan v. Materials Transportation Company (Tex.Civ.App.), 372 S.W.2d 744, wherein the court concluded probable harm was not shown because there was no material conflict between the statements improperly made to the jury and the undisputed facts established on the trial. In Martinez v. H. E. Butt Grocery Company (Tex.Civ.App.), 379 S.W.2d 94, two jurors looked at a store during the trial of a slip and fall case and related what they saw to other jurors. The court said that appellants failed to show that this misconduct was material and that it probably injured them; that a plat had been introduced in evidence which showed the layout of the store and various material measurements; that the jurors testified that their visit confirmed the accuracy of these undisputed measurements; that no new evidence was introduced by the jurors and nothing prejudicial to appellants was observed by the jurors or related to their fellows. The court held that viewing the scene of the accident by the two jurors constituted misconduct but not reversible error because appellants did not show that they were probably injured thereby. Appellees cite Ballinger v. Herren (Tex.Civ.App.), 332 S.W. 2d 131, wherein the exact stage at which misconduct occurred was not shown and the offending juror found nothing at the scene different from that shown on the trial. It was there held that the undisputed misconduct was not reasonably calculated to harm appellant.

■ Appellants say they were hurt by consideration of insurance; that the jurors concluded there was no liability insurance because each party paid his own repair bill and, if appellants did not have insurance, Mitchell could not pay the claim; that insurance was mentioned several times; that discussion of insurance injured appellants because there was a consensus of opinion that appellees did not have insurance and without insurance they would not be able to pay appellants' claim. The appellees' answer to this contention is that insurance was brought into the case, without objection, by the testimony of Mrs. Johnson and Dr. Sibley. They correctly summarize the evidence relative to insurance substantially as follows: When insurance was mentioned the foreman admonished them that they couldn't consider it because it was not evidence introduced on the trial; that the foreman told the jury that the insurance Mrs. Johnson was shown by the undisputed, unobjected to evidence, to have collected,

was hers; that she had bought and paid for it; that it was no different than if she had the money in a savings account; that the jury talked about the Tower Life Insurance Company, which was shown by the undisputed and unobjected to evidence, to have paid Mrs. Johnson's medical bills; that the foreman told the jurors that insurance had no bearing on their decision; that he promptly advised them that insurance couldn't be considered when it was mentioned. Juror Belsky testified insurance was casually mentioned and the foreman said they couldn't discuss it; that juror Hoefer, who was called by appellants, was not asked about discussion of insurance; that juror Cearley said some juror asked why would each party pay for the damage to his own car if he had insurance; that the foreman said insurance was not supposed to be mentioned, that he rebuked them each time it was mentioned; that she didn't know whether the jurors decided that Mrs. Johnson did or did not have insurance. In support of appellee's conclusion that reversible error is not shown in this connection they cite Smith v. Whitehead (Tex.Civ.App.), 363 S.W.2d 369 and Harris v. Levy (Tex. Civ.App.), 217 S.W.2d 154. The decision in Mrs. Baird's Bread Company v. Hearn, and Judge Jack Pope's article, 12 Baylor Law Review 366 and Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493, establish that it is material to show at what time in the jury deliberation improper statements were made. These authorities are cited particularly with reference to the holdings that the time, or stage, in the jury's deliberation that misconduct occurs is important in determining whether an appellant has sustained his burden of showing probable injury.

■ Appellees contend, and we agree, that prejudicial misconduct has not been established. Appellants contend we should hold to the contrary because the jury thought appellees had no insurance and would have answered the issues differently had it not so decided. The jury found (1) Mitchell was negligent in every particular submitted to it and that each of his acts of negligence was a proximate cause of the accident and (2) it is undisputed that the jurors were trying to give appellants some money. We conclude that the testimony on the motion for new trial does not show probable injury. The jury did not know and, of course, properly so, the effect of its answers to issues finding Mrs. Johnson guilty of contributory negligence.

■ Appellants complain that personal experiences were related by some jurors to their fellows. Juror Pittman said she heard no one tell of an experience with a whiplash injury and a chiropractor, as testified to by another, nor did she recall any conversation about the foreman's employee who received an insurance settlement. Juror Cearley did say that one juror mentioned a whiplash injury and said she had been to a chiropractor. Whether the result was good or bad, or the time this was mentioned was not disclosed. It was not shown what issues were then being considered or were afterward decided. Juror McLean did not recall any juror relating the effect of chiropractic treatment. Juror Hoefer said there was discussion of a whiplash injury because that was the nature of the injury claimed by Mrs. Johnson. Juror Belsky said she did not think any of the jurors told the others about personal injuries they had received. Again it is not shown when such matters were mentioned, if they were, in relation to the determination of the controlling fact issues.

Texas Rules of Civil Procedure, rule 434 provides that no judgment shall be reversed unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. We cannot conclude that the matters established on the motion for new trial were reasonably calculated to cause and that they probably did cause the rendition of an improper judgment.

Appellants say the court committed reversible error in submitting issues 18, 19 and 20, above quoted. The judgment was required by jury findings of contributory negligence of Mrs. Johnson. Texas & N. O. R. Co. v. McGinnis (Com.) 130 Tex. 338, 109 S.W.2d 160, 163; Galveston, H. & S. A. Ry. Co. v. Wells, 121 Tex. 310, 50 S.W.2d 247; Missouri Pacific Railroad Company v. Sims (Tex.Civ.App.), 350 S.W.2d 405, 408 (Ref. N.R.E.); Travelers Insurance Company v. Helstrom (Tex.Civ.App.), 351 S.W.2d 321, 325 (Ref. N.R.E.), 4 Tex. Jur.2d 616.

After careful study of the record and consideration of appellants' points we conclude that reversible error is not shown. The judgment is affirmed.