George R. Killam, Jr., County Atty., Snyder, Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is unlawfully transporting alcoholic beverages in a dry area; the punishment was assessed at three months in jail and a fine of $500.

The record is before this court without bills of exception or statement of facts. No brief has been filed in behalf of appellant and we are not advised of any issue upon which reversal is sought.

It appears from the court's charge that the appellant entered a plea of guilty although the judgment dated March 18, 1957, recites that he pleaded not guilty. The judgment further recites that the state recover of the appellant $500, but it fails to adjudge that he be confined to jail for three months pursuant to the verdict of the jury.

When a case is appealed to this court and the jury's verdict gives us the basis for correcting the judgment, we have consistently done so. Byrd v. State, Tex.Cr. App., 228 S.W.2d 858. Accordingly, the judgment is reformed so as to fix appellant's punishment at confinement in jail for a term of three months and a fine of $500. Combes v. State, Tex.Cr.App., 286 S.W.2d 949. Further, the judgment is reformed to show that appellant pleaded guilty to the charge in the information.

As reformed, the judgment is affirmed.

Opinion approved by the Court.

CITY OF SAN ANTONIO, Appellant,

v.

E. R. SEAY et al., Appellees.

No. 13250.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 16, 1957.

Rehearing Denied Nov. 13, 1957.

Carlos C. Cadena, City Attorney, James K. Gardner, Asst. City Atty., San Antonio, for appellant.

W. W. Palmer, Jewell D. Lemons, San Antonio, for appellee.

POPE, Justice.

City of San Antonio appealed from a judgment upon a jury verdict which awarded E. R. Seay and others the sum of $1,500 for the value of a part of a city lot which the City condemned for highway purposes. The jury allowed no damages to the remaining part of the lot. City urges that the trial court erred in failing to strike certain evidence of an expert witness. We affirm the judgment.

The expert witness for the landowner gave his opinion on direct examination, concerning the value of the severed piece of property, and also the value of the remaining portion of the lot, both before the taking and after the taking. City cross-examined the witness and then moved that all of the expert's testimony be stricken, because in stating the value of the strip taken, he included the damages to the remainder of the property, contrary to the correct measure stated in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979. City objected to the expert's testimony and the court overruled the objection. However, the court then correctly instructed the witness that the proper measure of damages was the reasonable market value of the strip that was taken, and the expert then stated that such value was $2,250.

In addition to the evidence which the expert gave after the court instructed him about the correct rule, another expert testified properly and without objection. The court's instruction to the witness, together with the other proper evidence in the record, and the court's correct submission of the issues, which again repeated the proper measure of damges, rendered any error harmless. State v. Thompson, Tex.Civ. App., 290 S.W.2d 319; Camp v. Commissioners' Court of El Paso County, Tex.Civ. App., 279 S.W.2d 927; Cole v. City of Dallas, Tex.Civ.App., 229 S.W.2d 192.

The judgment is affirmed.