**STATE of Texas et al., Appellants,**

v.

**Carl Autry RIGBY et al., Appellees.**

No. 3647.

Court of Civil Appeals of Texas.

Waco.

May 21, 1959.

Rehearing Denied June 11, 1959.

Joe Resweber, County Attorney Harris Co., Chas. F. Mitchell, Asst. Co. Atty., Houston, for appellants.

Joseph Kirchheimer, Houston, for appellees.

WILSON, Justice.

Appellants condemned a strip 37 ft. wide by 488 ft. long and another small adjacent tract fronting on U. S. Highway 59 in Harris County as right of way for a freeway. No question is presented here con-

cerning the land taken. The area of the remaining land on which a residence and a cafe are located is variously stated to be 43,400, 46,000 and 27,450 square feet.

■ Appellants' first point complains of admission of evidence relating to market value of the remaining land after the taking. The witness whose testimony is complained of gave his opinion of the market value of this as $34,117.50 before the taking. His testimony on direct and cross-examination as to his method of arriving at this figure and his evaluation of the elements comprising it is confusing and conflicting. He gave his opinion of the value of the residue after the taking as $18,490 and his testimony as to what factors he considered in this figure is contradictory and inconsistent. Some of it is mathematically incongruous.

At one point this witness was interrogated by appellee as to whether he had reduced the value of the cafe building in calculating the after-taking value. "No, I didn't reduce the value of the building. I did reduce the value of the business as a going business." This answer gives rise to appellants' contention that the court erred in admitting his opinion as to value of the residue.

Appellants objected to the answer and moved to strike it. The court sustained the objection. Appellants then moved that all the testimony of the witness as to his opinion of after-taking value be stricken. The court permitted voir dire examination on which the witness indicated he had estimated "depreciation of the business" at $5,000. The court again sustained appellants' objection and instructed counsel "to divorce the question of market value" from "damage to the business." The motion to strike was renewed and the court gave opportunity for clarification of the testimony, saying "on that basis I would sustain an objection to it and probably strike it. I am not certain in my mind, gentlemen, that this is the loss of value to this particular business. If it is I am going to strike it. I think it should be limited to the question of purported loss of value and not with regard to any loss of any specific business." The witness thereupon testified his figures were based on decrease in valuation "as a business site." The court then instructed the jury "not to consider as a question of damage any loss to this particular site that is involved. You are concerned with the market value of the land and improvements." On renewal of the motion to strike all of his testimony as to value of the remainder, the court said, "I am going to leave it to the weight of the testimony and let the jury settle it."

This presents no error from appellants' standpoint. The first point is overruled. City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176; City of San Antonio v. Seay, Tex.Civ.App., 306 S.W.2d 375, writ dis., 17 Tex.Jur. 343, Sec. 111.

■ Appellants assert there was no evidence to support the jury's findings that the market value of the remaining land before severance was $21,040, and after severance was $14,140. Their contention is that "for a verdict to be supported by the evidence, such verdict must fall between the high and low value as stated by the witnesses."

All appellants' witnesses testified to before and after taking values of $22,435, with no reduction in value after taking. They also, however, gave other ambiguous and conflicting testimony. At some points they were apparently including in their computations a tract not involved. They testified as to what they termed comparable sales, which were on a lower value basis per square foot than their value of appellees' land. Their testimony as to values and damage to the residue, under cross-examination, was equivocal. All the witnesses used a value per square foot in computations as to value, and the evidence left the actual area involved a matter of conjecture. The opinion evidence adduced by appellees as to values was such that we

are unable to clearly compute from it with precision by deliberate and concentrated study, and it could hardly be expected that a jury could do so under trial conditions. The evidence otherwise is not conducive to findings of precise figures. There is no complaint that the verdict is excessive. The only charge is that the answers to the two issues are below any specific total figure mentioned by a witness. This contention is settled against appellants by Adams v. Houston Lighting & Power Co., Tex., 314 S.W.2d 826, 830.

If it be assumed the jury followed the foregoing instructions of the court (which are not complained of) the verdict is clearly within the arithmetical range of the testimony. The same is true if the figures as to comparable sales are applied to the varying areas which were given to the jury. There was over $3,800 difference between the opinions of appellants' and appellees' witnesses as to value of improvements.

Appellants' points two and three are overruled. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332; Houston Belt & Terminal Ry. Co. v. Vogel, Tex.Civ.App., 179 S.W. 268, writ ref.; Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943, 945; Orgel, Valuation under Eminent Domain, 562, Sec. 130.

The jury found in answer to Special Issue No. 5 that $300 would fairly and reasonably compensate appellees for damage "by reason of being cut off from the buying public" during construction. No objection to the issue or answer is presented. By issue No. 4 the court submitted:

> "Do you find, from a preponderance of the evidence, that *there have been days* in the past *or will be days* in the foreseeable future, if any, that the business of the Defendants Rigby has been or will be entirely cut off from access to the patrons of such establishment between April 15, 1958, and

the end of the construction period required to complete said Freeway?

*"Answer* in *days,* if any you find." The jury answered "thirty days."

Appellants' only complaint is that there is no evidence to support the jury's answer to this issue. No objection as to form is presented. The answer the jury was required to make is clearly evidentiary and not ultimate, and is not responsive to the issue. Since it was immaterial, we assume the trial court disregarded it. In any event there was evidence of probative force to support the answer.

The judgment is affirmed.