**W. P. MAYBERRY, Appellant,**

v.

**Mrs. W. C. CAMPBELL, Appellee.**

**No. 7142.**

Court of Civil Appeals of Texas.

Amarillo.

April 16, 1962.

Rehearing Denied May 14, 1962.

Roy A. Jones, Paducah, for appellant.

Howard Traweek, Matador, for appellee.

NORTHCUTT, Justice.

Mrs. W. C. Campbell, a widow, as plaintiff, filed this suit in the District Court of Cottle County, Texas, against W. P. Mayberry, as defendant, for title and possession of 4 tracts of farm land situated in Cottle County consisting of 410.83 acres of land owned by her. The defendant answered by a plea of not guilty and specially pleaded a Soil Conservation Reserve Contract alleging that same was a contract between plaintiff and the United States Department of Agriculture for the benefit of the defendant as a third party beneficiary and pleaded an alleged oral contract be-

tween plaintiff and defendant renting the land to defendant for the duration of the Soil Conservation Reserve Contract. By way of cross action, defendant asked for damages for the cost of certain improvements alleged to have been made by defendant on the property. The plaintiff excepted to the defendant's pleadings as to the Soil Conservation Reserve Contract as being immaterial and irrelevant to any issue in the case, and also excepted to the alleged oral contract renting him the land for the duration of the Soil Conservation Reserve Contract as being in violation of the Statute of Frauds. The case was tried to a jury, and at the close of all the evidence, the judge instructed the jury to return a verdict for the plaintiff. Upon the verdict, judgment was granted in favor of the plaintiff for the title and possession of the property in question. From that judgment the defendant perfected this appeal. Hereafter the defendant will be referred to as appellant and the plaintiff as appellee.

■ By appellant's first assignment of error it is contended the court erred in permitting the witness, Sandlin, to read to the jury from an office memorandum. Appellant prepared his bill of exception to the Court's action in permitting Sandlin to read from said memorandum, but the judge qualified his bill by stating the defendant introduced the letter (being the memorandum) in evidence and proceeded throughout to propound questions based thereon. The appellant did not attempt in any manner to object to any qualifications the judge made to said bill. Mr. Sandlin was the Office Manager of the Cottle County A.S.C. and the information sought from him was as to how the Department of Agriculture interpreted the contract with the landlord as to whether or not the tenant had the rights on a farm for the life of such contract. We do not consider the court committed reversible error in permitting the reading of such memorandum, especially since the appellant introduced the memorandum, and also another memorandum stating the same thing in substance as that part read by Mr. Sandlin that appellant complains of. Appellant's first assignment of error is overruled.

■ Appellant's remaining assignments of error contend the court erred in granting an instructed verdict because appellant was seeking affirmative relief; would not let the jury decide the many questions of fact, and in refusing to give the many requested special issues. Appellant was farming the land in question under an oral agreement, and under Article No. 3995, Texas Revised Civil Statute, the lease could not be enforced for a period longer than one year. It is appellant's contention that he is entitled to retain possession under the Soil Conservation Reserve Contract entered into by appellee since he was the tenant at the time the contract was entered into and he had conformed to all the requirements of a tenant under the terms of said contract. The trial court held that the Soil Conservation Contract relied upon by the appellant had no bearing on the case. The appellant did not except to such ruling of the court and does not here present any assignment of error as to such action of the court.

■ Appellant seeks to recover for certain improvements he placed upon said land because he thought he was to be permitted to remain upon the land for the full term of the Soil Conservation Contract. He knew he did not own the land but placed such improvements thereon for his own convenience without any authority from appellee and without any agreement or understanding that he would be reimbursed therefor. Consequently, he was not entitled to be reimbursed for such improvements and such improvements became a part of the land. Luker v. Luker, Tex.Civ. App., 226 S.W.2d 482; Producers Lumber & Supply Company v. Olney Building Company, Tex.Civ.App., 333 S.W.2d 619.

■ Since the Soil Conservation Contract had no bearing on the case, appellant had no right to the property other than a

tenant for a period of one year under an oral agreement. Appellee requested possession of her property and appellant's oral lease having terminated, under this record, there were no questions of fact to be determined. There being no question of fact to be submitted to the jury, the trial court correctly instructed the jury to return a verdict for appellee. Judgment of the trial court is affirmed.