Donald **INGRAM**, Trustee for Ingram Trust, et al., Appellants,

v.

**COUNTY OF NUECES**, Texas, Appellee.

No. 14065.

*Court of Civil Appeals of Texas.*

San Antonio.

Feb. 27, 1963.

Rehearing Denied March 27, 1963.

Theis & McGloin, Corpus Christi, for appellants.

Franklin L. Smith, C. Edwin Prichard, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This is a condemnation action, originally brought by County of Nueces and the United States Department of Agriculture, Soil Conservation Service, the latter having been dismissed from the suit before the trial began, for the purpose of securing an easement for drainage purposes across lands to which the fee simple title is held by Donald Ingram and Ingeborg Ingram, Trustees. Mrs. Evelyn Walker is in possession of said land under an agricultural lease.

The trial was to a jury and, based upon the jury's answers to the issues submitted, judgment was rendered that condemnor recover the easement prayed for, but, in effect, that condemnees recover no compensation, from which judgment the condemnees have prosecuted this appeal.

The case was submitted to the jury on four special issues. By the jury's answer to special issue No. 1, it found that the reasonable market value of the strip of land covered by the entire easement involved herein, immediately prior to the taking of said easement on August 25, 1961, was $8,849.00. In answer to special issue No. 2, the jury found the reasonable market value of this strip immediately after the taking of the easement was $8,849.00. By its answers to special issues Nos. 3 and 4,

the jury found, in effect, that the market value of the tract of land, exclusive of the strip covered by the easement, would be enhanced in the sum of $25,000.00 by the contemplated drainage installations to be placed on the easement taken.

There was no objection to the charge, and no questions are here raised as to the manner of the submission of the cause to the jury.

■ The submission of the cause was in keeping with the rule prescribed where only an easement is to be taken and the landowner is left with some beneficial use of the land. Tennessee Gas Transmission Co. v. Wood, Tex.Civ.App., 331 S.W.2d 808; Texas Power & Light Co. v. Hering, Tex. Civ.App., 178 S.W.2d 162; 22 Tex.Jur.2d, Eminent Domain, § 158. The rule stated generally, is to the effect that where an easement is taken and the owner of the land is left with some beneficial interest, the measure of damages is the reasonable market value of the strip of land immediately before the condemnation and the reasonable market value thereof, as burdened with the easement, immediately after the condemnation.

■ Appellants have filed no statement of facts herein, and there are no findings of fact made or filed by the trial court. We are asked to find, as a matter of law, that appellants were entitled to damages, notwithstanding the fact that the jury found they suffered no damages.

It is true that Vernon's Ann.Tex.Const. Art. 1, § 17, provides as follows:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be

made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof."

But this does not mean that under this incomplete record we can set the verdict of the jury aside and say that appellants have not had a fair trial and must be given some damages.

Appellants rely heavily upon the case of Long v. City of Austin, Tex.Civ.App., 265 S.W.2d 632. In that case the Court had the benefit of a statement of facts and, after much discussion of the evidence, held that the landowner was entitled to some damages and remanded the cause. In the present case, we have no way of knowing the evidence upon which the jury based its verdict.

Appellants have failed to show any reversible error committed by the trial court, and accordingly the judgment is affirmed.