Herman G. WOOD, Appellant,

v.

STATE of Texas et al., Appellees.

No. 438.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 7, 1968.

Rehearing Denied Nov. 21, 1968.

Butler, Schraub & Gandy, by Roger Butler, Corpus Christi, for appellant.

C. Edwin Prichard, Jr., Asst. County Atty., Franklin L. Smith, County Atty., Corpus Christi, for appellees.

## OPINION

GREEN, Chief Justice.

This was a condemnation suit wherein title to 4.193 acres of land was sought to be taken for highway purposes by appellees State of Texas and County of Nueces from a larger tract owned by appellant. The only issue submitted to the jury related to the market value of the land taken, there being no claim by the landowner for severance damages to the remainder of the property. The court's judgment provided for recovery by appellant of the value as fixed by the jury less the sum deposited in court by appellees following the award of the Special Commissioners, and withdrawn by appellant. Being dissatisfied with the answer of the jury to the market value issue, appellant has perfected his appeal to this Court.

During the trial, appellees' expert witness Lewis testified concerning values he had given to a certain piece of property referred to as the Goodine property directly across the road from the land in issue, at a condemnation trial involving such property. It appears that a strip of land was left to the owners of said other tract after said condemnation. In the trial of the present suit, after all evidence was in and the charge prepared but prior to the argument to the jury, counsel for appellees made an oral motion to the court to the effect that defendant's (appellant's) counsel be instructed that they should not, in their jury argument, refer to any remaining highway frontage of the Goodine tract after the portion of such tract had been condemned, and that said counsel should not allude to use, if any was made or could be made, of such remainder of said tract, there being no evidence in the record to support any such argument.

The court, in response to such motion, stated that he would be willing to sustain the motion, but said to appellant's counsel that he was willing to hear his side if counsel thought it likely to be necessary, and we quote from the proceedings:

"MR. BUTLER: In other words, if we can discuss the exhibits without saying 'This remains,' or 'That remains,' well, that's all right.

THE COURT: As I understand what would be left to you if I sustain this motion is that you can talk about the Goodine Tract, that a certain value was given to the whole tract; a certain value was given to a portion of it, and talk about it in front square feet or anything else, but not to describe any front—remaining frontage or what the back could be put to or anything else.

MR. BUTLER: With that, you are going to sustain—

THE COURT: Merely to give dimensions and values that were assigned because no real reasons were given to any of those opinions other than—

MR. BUTLER: I don't recall the evidence well enough to—

THE COURT: The reason I feel I should sustain it, I don't know that you have used that as any part of your logic up to now, and I don't think it cuts you off, so I will sustain the motion.

MR. BUTLER: Note our exception * * *."

This appeal is based upon two points of error as follows:

### "POINT OF ERROR NO. 1

The court erred in sustaining and not overruling the State's motion in limine (Supplemental S.F. 1, lines 15–20) immediately preceding oral argument instructing defendant's counsel not to allude to or mention in argument one of the comparables in evidence without objection previously condemned and adjacent to the property taken, at the time the comparable was condemned. (Germane to Paragraph I of defendant's motion for new trial. Tr. 26)

### POINT OF ERROR NO. 2

The court erred in sustaining and not overruling the State's motion in limine instructing defendant's counsel that there was not to be any allusion to the use made or which could be made to the remainder of an adjacent tract of land where there was record evidence to support argument as to use. (Supplemental S.F. 1, lines 22–25 inclusive) (Germane to Paragraph I of defendant's motion for new trial. Tr. 26)"

Paragraph I of defendant's (appellant's) motion for new trial upon which both of these points of error are based reads:

"The court erred in sustaining and not overruling the State's motion instructing the defendant's attorneys not to mention or allude to evidence of the value of a tract of land which value was admitted into evidence without objection."

■ This having been a jury trial, in which no motion for judgment n. o. v. was filed and no peremptory instruction given to the jury, a pre-requisite of the appeal was the filing below of a motion for new trial. Rule 324, Texas Rules of Civil Procedure, St. Louis Southwestern Railway Company v. Duke, Tex.Sup., 424 S.W.2d 896.

We quote as follows from Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, at page 890:

"[3] Rules 320, 321, 322 and 374 govern the form of assignments of error in motions for new trial which become the basis for points of error on appeal. Rule 320 provides that the motion 'shall specify each ground on which it is founded, and no ground not specified shall be considered.' Rule 321 requires that the assignments in the motion refer to the action of the court complained of 'in such way as that the point of objection can be clearly identified and understood by the court.' Rule 322 directs that 'Grounds of objections couched in general terms * * * shall not be considered by the court.' Rule 374 provides that 'A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived.' While Rule 1 states that the rules are to be given a liberal construction to the end that a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law may be obtained with expedition and dispatch and without unnecessary expense, Rules 320, 321, 322 and 374 were deliberately adopted to serve a useful purpose. There must be a substantial compliance with the provisions of those rules if a litigant is to have his points of error based thereon considered by an appellate court."

The only complaint called to the trial court's attention by Paragraph 1 of the motion for new trial was alleged error in instructions to appellant's attorneys not to mention or allude to evidence of the value of a tract of land which value was admitted in evidence without objection. If this be considered as having reference to the motion of the State made just before jury argument, and this is the position taken by appellant in his brief, the trial court properly overruled such assignment, since the court had not instructed appellant's counsel to refrain from making such argument, but on the other hand had expressly stated, as a part of his ruling, that counsel could discuss the evidence of the value given to the Goodine tract, both to the whole tract, and to a portion of it. The contentions set forth in the points of error contained in appellant's brief are that he was prevented by the court's instructions from mentioning one of the comparables in evidence without objection, and (Point 2) from alluding to the use made of the remainder of an adjacent tract. Nowhere does appellant make the same complaint in his points or in the statement and argument under them that he made in the assignment in his motion for new trial.

Hence, the grounds raised in his two points of error were not distinctly specified and set forth in the motion for new trial in such a way as that the point of objection could be clearly identified and understood by the trial court. They were waived, and can not be considered by us. Wagner v. Foster, supra; Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Garza v. Alviar, Tex.Sup., 395 S.W.2d 821, 824; Big Three Welding Equipment Company v. Roberts, Tex.Civ.App. (Corpus Christi) 399 S.W.2d 912, 918, wr.ref. n. r. e. There being no points of error for us to consider, and no fundamental error being apparent, an affirmance of the judgment is in order.

Even if such points and the statements and arguments thereunder be considered, we find no error for which this judgment should be reversed. Appellant was not instructed by the court to refrain from alluding to or mentioning the comparable referred to in the first point. The trial court did not err in sustaining the motion concerning mentioning in argument the use made, or which could be made, of the remainder of the Goodine property not condemned, as there was no evidence to support such argument. Furthermore appellant can not justly complain that he was prevented from making any certain arguments to the jury, as appellant has not presented to this Court any statement of facts indicating what arguments his counsel actually made, or any bill of exceptions showing what arguments they would have made but were prevented from making by any ruling of the Court.

Counsel for appellant opened and closed the jury argument. Such argument was not transcribed by the court reporter, and is not before us. The argument of appellees' attorney was transcribed, and is included in the record. He did discuss the Goodine property across the road from appellant's land being condemned, and referred to appellant's counsel's opening argument in such manner as to indicate that his remarks were in reply to appellant's argument. Although it is stated in appellant's brief that neither of his counsel referred to such property in obedience to instructions from the court, such statements are placed in issue by assertions in appellees' brief that appellant's counsel did discuss the evidence as to such property. In the absence of a transcript of appellant's argument, and the absence of any bill of exceptions on the subject, this Court is unable to find wherein there was such a denial by the trial court of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, T.R.C.P.; Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277.

Judgment affirmed.