**v.**

**The STATE of Texas, Appellee.**

**No. 44384.**

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

**PILGRIM EQUIPMENT COMPANY OF HOUSTON, Appellant,**

**v.**

**The STATE of Texas et al., Appellees.**

**No. 15811.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 4, 1971.

Rehearing Denied Dec. 2, 1971.

Cutrer & Jefferson, Lewis Cutrer, Homer T. Bouldin, Houston, for appellant.

Joe Resweber, County Atty., Edward J. Landry, Asst. County Atty., Houston, for appellees.

COLEMAN, Justice.

This is a condemnation case. Judgment was entered based on a jury verdict. The land owner has appealed.

Six special issues were submitted to the jury. The land was taken from two separate tracts under single ownership. The issues related to the market value of the land taken and the damage to each of the tracts resulting from the taking.

Appellant's first three points complain that the judgment did not allow appellant just or adequate compensation; that the answer made by the jury to Special Issue No. 2 was conflicting and inconsistent with its answer to Special Issue No. 1; and that the answer to Special Issue No. 2 "was not supported by a preponderance of the evidence", and therefore that the court erred in entering judgment thereon.

The second and third points are based on the seventh assignment of error in appellant's motion for new trial reading: "The Court erred in not setting aside the answers of the jury to the Special Issues since such answers were inconsistent, incompatible and in sharp conflict with one another and contrary to the preponderance of the evidence introduced."

Rule 374, Texas Rules of Civil Procedure, provides that a ground of error not distinctly set forth in the motion for new trial shall be considered as waived.

■ The assignment of error is directed to the entire verdict. It does not point out the particular answers that are alleged to be in conflict or inconsistent. The alleged error brought to the attention of the trial court by the assignment was the failure to set aside the verdict, which would have required a new trial. The attention of the court was not specifically directed to the point now raised, i. e., that the answers to Special Issues 1 and 2 are conflicting and inconsistent. No conflict or inconsistency is apparent from reading the issues and the answers made thereto. Appellant's Point 2 is without merit, and cannot be considered. Gavrel v. Young, 407 S.W.2d 518 (Tex. Civ.App.—Houston 1966, writ ref., n. r. e.).

■ Since appellant, in the Amended Motion for New Trial, failed to state that the evidence supporting the jury answer to any specific special issue was either insufficient or against the great weight of the credible evidence, this court has no jurisdiction to consider Point 3. Darryl v. Ford Motor Co., 440 S.W.2d 630 (Tex. 1969).

By Point No. 1 appellant contends that the judgment based on the jury verdict did not allow appellant just and adequate compensation required by the Constitutions of the United States and the State of Texas. The Constitution of the United States, Amendment V, requires payment of "just" compensation for property taken for public use. The Constitution of the State of Texas, Art. 1, Sec. 17, Vernon's Ann.St., requires "adequate" compensation for property "taken, damaged or destroyed for or applied to public use."

The trial court has entered judgment for appellant in the amount found by the jury in answer to issues submitted in the language suggested by State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 (1936). The question of "adequate compensation" was submitted to the jury. Brunson v. State, 444 S.W.2d 598 (Tex.1969).

■ Since the answers made to these issues are supported by credible evidence, this court cannot substitute its opinion of

the value of the property for that of the jury. By this point appellant does not present the question that the answers are contrary to the great weight and preponderance of the evidence. Point No. 1 is too general to constitute a basis for the reversal of the judgment. If the judgment is in fact inadequate, that result must have followed from the error of the trial court refusing to admit competent testimony offered at the trial; from the error of the trial court in manner of submitting the case to the jury; from the failure of the jury to answer the issues submitted in accordance with the weight and preponderance of the evidence; or from some such specific matter. It is appellant's burden to determine the specific matter which he contends constituted error and probably resulted in the rendition of an improper judgment. This matter must then be presented in accordance with the procedural rules established by law or adopted by the Supreme Court to govern the trial and appeal of civil cases in this state. Art. 3266, Vernon's Ann.Civ.St.; Hale v. Lavaca County Flood Control Dist., 344 S.W.2d 245 (Tex.Civ.App.—Houston 1961); In-gram v. Nueces County, 365 S.W.2d 838 (Tex.Civ.App.—San Antonio 1963).

Appellant contends that the trial court erred in rendering the judgment herein because appellant was entitled to recover (1) damages for the loss of profits suffered by reason of the partial taking; (2) the cost of readapting the remainder of its property for continued use as a laundry and dry cleaning plant; and (3) the moving costs caused by the partial taking.

■ These points of error are stated to be based Assignments of Error Nos. 2, 3, 5, and 13.[1] The points are too general to comply with the briefing rules. Rule 418, T.R.C.P. Neither of the points complains that the court erred in admitting evidence offered by appellant with improper qualifications, nor do they complain that the trial court erred in refusing to submit properly requested issues. The points are germane to the assignments of error only in the sense that the matters complained of in the assignments of error made it impossible for appellant to secure jury findings on which to base a judgment for the specific

1. "Second—The Court erred in its ruling on the Motion in Limine filed by Plaintiffs herein particularly by limiting and qualifying the evidence that the Defendants could introduce concerning moving cost and cost of readapting the remainder of their property for use as a laundry and cleaning establishment and loss of profits in the operation of their business as a result of and on account of the condemnation of a part of their property which is described in Plaintiffs' pleadings filed herein.

"Third—The Court erred in refusing to admit and/or qualifying and commenting upon the evidence introduced or to be introduced by the Defendants at the trial of this cause regarding moving cost, loss of profits, cost of adapting remainder of their property for use previously made thereof and other expenses suffered and sustained by the Defendants on account of the condemnation of their property hereunder, same being in violation of Amendment V. of the Constitution of the United States and Article 1, Section 17 of the Constitution of the State of Texas, since such items represented actual damages sustained by the Defendants on account of the condemnation of their property and represented just compensation to which they were legally entitled.

"Fifth—The Court erred in refusing to submit to the Jury the Special Issues which were duly and timely presented to the Court by the Defendants concerning moving cost suffered by the Defendants and also the cost of adapting the remainder of Defendants' property so that they could continue to operate a laundry and cleaning establishment thereon and also the loss of profits sustained by said Defendants on account of such partial taking, which under the preponderance, if not all of the evidence introduced, showed that due to such partial taking the Defendants had to relocate their business at substantial cost, expense and damages.

"Thirteenth—The Court erred in signing and entering the judgment for Plaintiffs herein, same being in violation of Amendment V. of the Constitution of the United States and of Article 1, Section 17 of the Constitution of the State of Texas."

additional damages he contends he was entitled to receive under the Constitutions of the United States and the State of Texas. These points were not specifically presented to the trial court by the motion for new trial, and this court is not authorized to consider them. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (Tex.1960); Wood v. State, 434 S.W.2d 149 (Tex.Civ. App.—Corpus Christi 1968); Daniels v. Daniels, 414 S.W.2d 207 (Tex.Civ.App.—Amarillo 1967); Baker v. Sturgeon, 361 S.W.2d 610 (Tex.Civ.App.—Texarkana 1962); City of Carrollton v. Rawlins, 291 S.W.2d 955 (Tex.Civ.App.—Eastland 1956, error ref.).

A consideration of appellant's points on the merits leads to the conclusion that the trial court did not err in refusing to allow recovery as separate items of damage the loss of profits sustained by appellant's business, or the moving costs incurred by appellant, as the result of the condemnation of a portion of appellant's property.

As a consequence of the taking on Tract 311 the building housing appellant's laundry and dry cleaning plant was severed, about 4,900 square feet of the building being within that portion of the tract taken, leaving about 8,000 square feet on the remainder. Equipment necessary to the operation of the entire plant was located within the part taken, including the steam boiler, water softener, air conditioning equipment, and a large flat press. Obviously a new wall would be required if the operations in the plant were to continue. At the time of this trial the building itself had not been severed. However, appellant had severed the water, steam, air conditioning ducts, and electrical lines prior to trial, and had removed all personal property from the area taken. This was necessary by reason of the fact that appellee had deposited the commissioners' award in the registry of the court.

There was testimony that the highest and best use of the property on June 10, 1969, the date of taking, was the use then being made of the property, that is, use of the property as a laundry, main plant and central offices, maintenance and carpenter shop, servicing a chain of 160 retail laundry and cleaning outlets. Both tracts of land, Tract 311 and 335, served as an over-all unit in the operation of the business. The buildings on both tracts had been adapted to a special use where every square foot served a purpose. There was other testimony by expert witnesses produced by appellee that the highest and best use for the property was for laundry and dry cleaning purposes.

Appellee permitted appellant four months after the date of the taking to remove his business operations from that portion of the building taken. The business was disrupted during this period, and to some extent thereafter. Pilgrim's president testified that the remainder was not large enough for the dry cleaning assembly line, so that this operation was transferred to the Pasadena plant. There was not enough space for the large flat work ironer and a smaller one was installed in the remainder. This equipment would not take care of the work, and there was not enough storage space in which to store both the incoming material and the completed work. The company had a smaller plant on Stella Link, which it continued to operate, but it discontinued this type work at the subject property because it was not profitable in the small scale operation. At the time of the trial he had not been able to locate a suitable property for a new plant capable of handling the flat work operations.

By the end of the four month period the administrative offices, the carpenter shop, parts department, the labor office and the maintenance department had been transferred to another location. These activities were operated from the same location for economic reasons and there was not sufficient room in the remainder for all of them. The closing of the assembly lines in the Almeda plant made it necessary to discontinue most of the home pick-up and delivery routes.

The operation continued at the Almeda plant in the remainder at a reduced scale until it was abandoned for all purposes except as a retail pick-up and delivery station. Appellant had 160 different retail outlets. Prior to the date of taking the Almeda plant did flat work for 75% to 80% of the outlets. Appellant acquired land at 6723 Stella Link for its new main plant. It took about eighteen months to find a desirable location, purchase it, get some zoning restrictions removed, construct a building, install the necessary esuipment, and begin operations. This plant was not designed for the flat work operation. Mr. Robertson, appellant's president, testified that by reason of the condemnation in his judgment it was no longer feasible to continue to operate the Almeda plant.

■ Appellant was permitted to introduce testimony as to the profits and losses sustained by the Almeda plant from January, 1969, to and including May, 1970, at which time the plant was shut down except for the retail operation. Substantial profits were shown for each month prior to the date of taking, and substantial losses were shown for each month after the date of taking. The trial court instructed the jury that the evidence concerning the profits and losses was admitted not as evidence tending to sustain such profits or losses as a separate item of damages, but that such evidence was admitted "as affecting the market value, if it does, of the remainder of the land and improvements on the subject property after the taking for the uses to which that remainder was adapted and was being put, and for that purpose only." Appellant made no objection to this instruction, and cannot now be heard to complain of this action of the court. Substantially the same instruction was included in the court's charge. If objections were made to the court's charge, they were not included in the transcript.

Appellant's Requested Issue No. 1, refused by the court, reads:

"From a preponderance of the evidence, what do you find was the amount of the loss of profits, if any, sustained by Pilgrim Equipment Company of Houston on account of the condemnation by the State of Texas and County of Harris of Pilgrim's property known as Tracts Numbers 311 and 335?"

While appellant has no point complaining of the failure of the trial court to submit this special issue, under his point charging the court with error in entering the judgment herein because of the failure to allow damages by reason of lost profits, he points to the action of the court in limiting the evidence as above set out and in refusing the special issue. These matters were sufficiently preserved in the motion for new trial. The claimed error in limiting the testimony was waived by appellant's failure to object to the instructions limiting the purpose for which the jury could consider the evidence relating to profits and losses at the various times such an instruction was given. King v. Roberts, 125 Tex. 623, 84 S.W.2d 718 (1935); Texas-Mexican Ry. Co. v. Creekmore, 204 S. W. 682 (Tex.Civ.App.—San Antonio 1918, err. dism'd); Mayberry v. Campbell, 356 S.W.2d 827 (Tex.Civ.App.—Amarillo 1962, writ ref., n. r. e.).

■ The requested issue was not a proper inquiry. It does not restrict the jury to a finding of profits lost by reason of a temporary disruption of its business. It was appellant's contention that by reason of the taking the property was no longer suitable for the use to which it had been devoted prior to the taking. Evidence of losses caused by permanent injury to the business was before the jury. Such a loss cannot be recovered as an item of damage separate from that resulting from the depreciation in value of the remainder. State v. Zaruba, 418 S.W.2d 499 (Tex. 1967); City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176 (1951); Huckabee v. State, 431 S.W.2d 927 (Tex.Civ.App.—Beaumont 1968, writ ref., n. r. e.); Reilly

v. State of Texas, 382 S.W.2d 116 (Tex. Civ.App.—San Antonio 1964, ref., n. r. e.).

■ The refusal of appellant's special issue designed to establish the expense of removing the personal property from the property taken to other property belonging to appellant was not error. These expenses might well result in a temporary loss of profit for the business. Unless compensation can be recovered for these items in that context (a question we do not decide here), it cannot be recovered in this action. These special items of damage were not specially plead, consequently it was not shown that the damage sought was within the jurisdiction of the County Court at Law in which the case was tried. These items may well constitute "damage" to appellant, but the cost of removing the personal property does not constitute "damage" to appellant's "property". Jurisdiction of this cause of action is statutory. Article 3265, V.A.C.S., prescribes "market value" as the test of adequate compensation in condemnation proceedings. City of San Antonio v. Congregation of the Sisters of Charity of the Incarnate Word, Inc., 404 S.W.2d 333 (Tex.Civ.App.—Eastland 1966, no writ). Neither Sec. 17, Article 1 of the Constitution, nor Article 3265, V.A.C.S., authorizes the County Court to entertain a cause of action for damages in a condemnation case other than such damage to "property" as results from a taking for public use, subject to the exception contained in Sec. 7 of Art. 3265 specifically authorizing the recovery of moving expenses where the owner of land is "actually and physically displaced and permanently moves from . . . his place of business" and limiting such recovery to the reasonable expense of moving the property, not to exceed $5,000.00 or the market value of such property. Appellant failed to request issues necessary for a recovery under Sec. 7. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 979 (1936); Kennedy v. City of Dallas, 201 S.W.2d 840 (Tex.Civ.App.— Dallas 1947, writ ref.); State v. Vaughan,

319 S.W.2d 349 (Tex.Civ.App.—Austin 1959, no writ).

Appellant's Point 7 does not present error. At several places in the record testimony was presented without objection that appellant had listed the remainder property for sale with the wall reconstructed on the south remainder. When a witness was asked "how much the real estate dealer was trying to get for the property," an objection was promptly sustained.

Appellant contends that the case must be reversed by reason of certain statements made by appellees' attorney during jury argument, contending that such argument was so prejudicial that its effect could not have been removed by an instruction from the trial judge. The attorney asked the jury "to be just as fair to the taxpayers of Harris County and the State of Texas as to the stockholders of Pilgrim Equipment Company." The arguments of counsel were not transcribed and appellees do not concede that this statement was made. An informal bill of exception is found in the statement of facts.

■ A review of the entire record leads us to the conclusion that no reversible error was shown. It is conceded that no objection was made at the time and that the trial judge was not requested to instruct the jury to disregard the statement. We do not think that the record demonstrates that such argument resulted in the rendition of an improper verdict or judgment. Kittrell v. State, 382 S.W.2d 273 (Tex.Civ.App.—Dallas 1964, ref., n. r. e.); Camp v. Commissioners Court of El Paso County, 279 S.W.2d 927 (Tex.Civ.App.—El Paso 1955, ref., n. r. e.).

■ Appellant complains of the action of the trial court in sustaining appellees' motion in limine to prohibit appellant's counsel from showing that the witness Hughes had earlier been employed by appellees to appraise appellant's property and that he was a witness for appellees at the

Special Commissioners' hearing. Hughes was subpoenaed as a witness by appellant, but was not called to testify. There was no error in sustaining the motion in limine. State v. Biggers, 360 S.W.2d 516 (Tex. 1962).

The judgment is affirmed.