**CITY TRANSPORTATION COMPANY,**
Appellant,

v.

Juanita.K. Carroll SISSON, Appellee.

No. 16100.

Court of Civil Appeals of Texas.

Dallas.

Feb. 1, 1963.

Turner, White, Atwood, Meer & Francis, B. Thomas McElroy, Dallas, for appellant.

McKool & McKool, and Bill Cox, Dallas, for appellee.

BATEMAN, Justice.

City Transportation Company of Dallas appeals from a judgment for $6,250. in favor of appellee for damages on account of bodily injuries sustained by her in a collision between an automobile driven by a Mrs. Flossie Williamson and a taxicab of appellant, in which the appellee was riding as a passenger. Appellee sued both appellant and Mrs. Williamson and obtained a joint and several judgment against them, based on a jury verdict. The record before us indicates that Mrs. Williamson has paid to appellee half of the judgment and half of the court costs and has been released. A careful study of the entire record reveals no errors requiring reversal.

By its first point on appeal the appellant complains of jury misconduct in six separate instances, alleging (A) that the foreman of the jury informed other members during their deliberations that he had been paid $6,000. in settlement of a claim he had for automobile accident injuries less serious than those of the plaintiff; (B) that the foreman failed to disclose on the voir dire examination that he had sustained such prior injuries and the settlement therefor; (C) that the foreman viewed the scene of the accident during the trial and reported to the other jurors during their deliberations that the red light facing the co-defendant Mrs. Williamson as she entered the intersection was the red insignia on the hub of a Pontiac sign rather than a red traffic light; (D) that the foreman told the other jurors during their deliberations that the intersection in question did not constitute a "blind" corner for appellant's cab driver; (E) that one or two women jurors visited the scene of the accident during the trial and testified in the jury room during the deliberations concerning their personal observations, particularly with reference to whether or not the intersection was a "blind corner" for appellant's cab driver; and (F) that various jurors made estimates during their deliberations as to the amount of attorneys' fees that plaintiff would have to pay out of her award. Nine of the twelve jurors testified at the hearing of appellant's amended motion for new trial, and the statement of facts includes 157 pages of such testimony.

To give the substance of all of this testimony, even in summary form, would extend the length of this opinion unreasonably. Suffice it to say that there was some testimony in support of all the points of alleged misconduct, but as to each of these points several of the jurors testified that one or more of their number admonished the remainder of the jurors that such matters were not covered by evidence and should not be, and that they were not, considered in answering the special issues submitted to them. After patiently hearing this great volume of testimony of jurors, and giving appellant every reasonable opportunity to demonstrate the irregularities complained of and that it had been harmed or prejudiced thereby, the trial court doubtless had little if any difficulty in determining, as we do, from all of the testimony offered, both on the hearing of the motion for new trial and the entire trial, that appellant failed to meet the burden imposed by Rule 327, Texas Rules Civil Procedure, to establish by a preponderance of the evidence that "it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party." Rule 327, T.R.C.P.

The foreman of the jury testified that he made some statement to the jurors to the effect that some thirty years previously, while he was a small child, he had been in

an automobile accident and that he had heard that his parents received a $6,000. settlement of his claim, and that all he had suffered was a black eye. However, the foreman also testified several times that this statement was made after the jury had come to a decision as to the damages to be awarded appellee. Then, he later admitted that this statement must have been made prior to the final decision as to damages. He also testified that one or more of the jurors, including himself, had admonished the remaining jurors that the settlement his parents had received for his black eye some thirty years ago could not be considered because it was not in the evidence.

Concerning the failure of the foreman of the jury to disclose on the voir dire examination that he had had a prior personal injury and had received a settlement therefor, it clearly appears from the corrected and substituted bill of exception filed by the court under Rule 372, T.R.C.P. that during the voir dire examination the judge himself asked the entire jury panel: "Has any of you ever had a claim or lawsuit for bodily injury or injuries to your person?" Also that the juror Plyler, who later served as foreman of the jury, did not respond in any manner to such question; that counsel for appellant did not ask any questions of prospective jurors as to whether any of them had ever had a claim or lawsuit for bodily injury or injuries to the person; and that no testimony or evidence was introduced to show whether this juror's non-disclosure of his injury or claim filed in his behalf had or would have any material bearing on the outcome of the suit or any material hurt or harm to any of the parties to the suit. We find no evidence in the record contradicting the last statement by the trial judge and therefore hold that appellant failed to meet the burden imposed upon him by Rule 327, T.R.C.P., to show that, if the irregularity complained of was actually error, harm resulted therefrom. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Tudor v. Tudor, Tex.Civ.App., 311 S.W.2d 733, 736, err. ref. 158 Tex. 559, 314 S.W.2d 793.

Although there was evidence that the jury foreman had driven by the scene of the accident during a noon recess of the trial, and expressed the opinion in the jury room that (1) a red insignia on a Pontiac sign facing Mrs. Williamson as she entered the intersection was probably mistaken by the witness Echveste for a red traffic light, and (2) that the corner was not "blind", there was also evidence that several of the jurors, including the foreman, stated that these matters were not in the evidence and should not be considered by the jury. Furthermore, the foreman said the reason he had pointed out to the jury that he didn't think it was a blind corner was that they "had a photograph to prove otherwise." There is no showing made that the viewing of the scene by one or two of the women jurors and their expressed opinion concerning the blind corner had any effect whatever on the verdict.

Furthermore, we deem the testimony concerning the Pontiac sign to be immaterial. Appellant's witness Echveste testified that at the time of collision the signal light facing Mrs. Williamson was turning from red to yellow. The jury found that she drove her vehicle into the intersection "at a time when the traffic signal light facing her was not green in color," which was negligence and a proximate cause of the collision. Apparently the jury believed Echveste's testimony. How, then, can appellant be said to have been harmed by misconduct which, if it had any effect at all, tended to discredit or weaken Echveste's testimony, but failed to do so?

The testimony concerning the mentioning of attorneys' fees also falls short of showing such misconduct as to require reversal. It is true, someone mentioned during the deliberations that this would be an expense item for appellee to pay, but several of the jurors testified that this discussion came up after the jury had decided on the amount of appellee's damage award. Whether that be true or not, there is certainly no evidence in the record that the mention of attorneys' fees affected the

amount of the damage award or in any other manner caused harm or prejudice to appellant. At least two jurors testified that the mention of attorneys' fees came only after they had agreed on the damage issue, although one of them later admitted it must have preceded the agreement. Nevertheless, several jurors admonished the others and reminded them that this matter could not properly be considered because it was not in the evidence and there was nothing about it in the charge.

 By overruling the motion for new trial after hearing this testimony, the trial judge impliedly found that if misconduct occurred it was not of such nature that it probably resulted in injury to appellant. Rule 327, T.R.C.P. We cannot say from this record that the trial judge abused his discretion in so finding. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; City of Dallas v. Hutchins, Tex.Civ. App., 226 S.W.2d 155, err. ref. n. r. e.; McCarthy Oil & Gas Corp. v. Cunningham, Tex.Civ.App., 255 S.W.2d 368, err. ref. n. r. e.; Trice Contract Carpets & Furniture Co. v. Gilson, Tex.Civ.App., 329 S.W. 2d 476, err. ref. n. r. e.; Commercial Credit Co. v. Groseclose, Tex.Civ.App., 66 S.W.2d 709, err. dis.; Dallas Transit Co. v. Collier, Tex.Civ.App., 317 S.W.2d 557, no wr. hist. Appellant's entire first point is therefore overruled.

 Appellant's second point of error on appeal raises two contentions, the first of which is that the court committed reversible error in overruling appellant's objection, made on the voir dire examination of the jury panel, to questions propounded to the jury panel by appellee's counsel concerning appellee's background with respect to the use by her of narcotics. Counsel for appellee asked the members of the jury panel if any of them would consider any evidence on appellee's use of narcotics for any purpose, to which appellant's counsel objected and the objection was sustained; whereupon appellee's counsel then asked the members of the jury panel if they would

hold evidence of this nature against the plaintiff, which was objected to and the objection was sustained; whereupon appellee's counsel asked the members of the jury panel if any of them had any bias or prejudice as to the appellee if during the trial evidence of her use of narcotics in prior years or of any narcotic convictions in the past should be introduced. Appellant's objection was overruled by the court with the statement that interrogation as to bias or prejudice would be proper. During the course of the trial evidence was introduced by appellant to show appellee's use of narcotics in the past. We see no error in this ruling and overrule appellant's point in that respect. Art. 2134, Vernon's Ann.Tex. St.; Kansas City Life Ins. Co. v. Elmore, Tex.Civ.App., 226 S.W. 709, no wr. hist.

The second part of appellant's second point complains of the court's refusal to admit in evidence certified copies of several convictions of appellee for violations of the narcotics laws, arguing that, as these convictions were for offenses involving moral turpitude, they were admissible for impeachment purposes as touching upon appellee's credibility as a witness, and as bearing on her state of health prior to the accident. Appellee denies that the offenses involved moral turpitude and says appellant's sole purpose in offering the evidence was to inflame the jurors' minds against her. Our examination of the proffered documents reveals five convictions; three for unlawfully purchasing narcotics, one for having them in possession, and one for having in possession equipment for subcutaneous injection of narcotics. She was not charged or convicted of using or selling narcotics to others. Appellant relies on the rule stated in Adams v. State Board of Insurance, Tex. Civ.App., 319 S.W.2d 750, 753, as follows: "It is well recognized that in civil as well as criminal cases a prior conviction of a crime involving moral turpitude is admissible to impeach a witness whose character for truth and veracity is in issue."

 While entertaining some doubt that appellee's said crimes involved such moral

turpitude as to warrant their use for impeachment of her as a witness, it is not necessary for us to decide that question. Appellee freely admitted on cross examination that she had been convicted of narcotics violations in the State and Federal Courts, and had actually served time in the penitentiary. That being true, if there was error in rejecting this documentary evidence of those convictions, the documents were merely cumulative of appellee's own admissions on the stand and we hold that such error was harmless. Rule 434, T.R.C.P. We also hold that the certified copies of the convictions could not have any material bearing on the appellee's health prior to the accident. Accordingly, appellant's second point is overruled.

Appellant's additional points complain of jury arguments of counsel for appellee and of counsel for Mrs. Williamson. We have carefully examined the record of these arguments and find nothing therein, or that transpired in connection therewith, which amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment, and hence, under Rule 434, T.R.C.P., we are compelled to overrule these points of error.

Counsel for appellant did not object to two of the four arguments of appellee's counsel complained of, or to any of those made by counsel for Mrs. Williamson. If such arguments could be said to have been improper, they were all of such a nature that the error could have been cured by withdrawal by the attorney or by the court's instruction to disregard. Therefore, the error, if any, was waived. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Traders & General Insurance Co., v. Whitener, Tex.Civ.App., 279 S.W.2d 152, affirmed, 155 Tex. 461, 289 S.W.2d 233.

Appellee's counsel stated in argument that appellant's counsel didn't "have the guts" to bring the cab driver to court and let him testify from the stand. Appellant's counsel interrupted to say that he

thought this argument "unfair" because "anybody can subpoena anybody in Dallas County and if they want anybody here, they can subpoena them and bring them down here." If this statement can properly be considered as an objection, we think the objection was sustained when the court stated: "Process is open to all of them. Let's proceed." Appellant's contention in this respect is without merit. Tex-Jersey Oil Corporation v. Beck, 157 Tex. 541, 305 S.W.2d 162, 167, 68 A.L.R.2d 1062.

All of the assignments are accordingly overruled, and the judgment appealed from is

Affirmed.