**Paul BOURG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45119.**

Court of Criminal Appeals of Texas.

June 21, 1972.

Rehearing Denied Sept. 25, 1972.

 

M. Herbert Oldham, Phillip Bordages, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful sale of a narcotic drug, to-wit: marihuana. The punishment was assessed by the jury at ten years.

The sufficiency of the evidence is not challenged. Appellant brings two grounds of error; the first contention is that the prosecutor injected new and harmful fact, not in evidence, into the case during his closing argument when he told the jury: "He (the appellant) is just as big a pusher as we have ever had in Jefferson County, Texas, and he needs to go to the penitentiary."

The record reflects the following:

"MR. OLDHAM (Defense Counsel) Your Honor, we object to that argument. There is no testimony here that he is as big a pusher as we have ever had in Jefferson County, Texas. And it is prejudicial and I object to it.

"THE COURT: The jury will evaluate the arguments to the jury, counsel."

There are two reasons why this ground of error is without merit. First, the appellant failed to get a ruling to his objection to such statement. No further relief was sought and the error, if any, was waived. Second, the argument is supported by testimony in the record from which this deduction could reasonably have been made. For example, during the cross-examination of a state's witness the following is revealed:

"Q. And what was the occasion for Teddy Joe Trahan to take you over to Paul Bourg's?

"A. He wanted to introduce us to the biggest marihuana character in Jefferson County.

"Q. Now, Teddy Joe Trahan was a known police character, wasn't he?

"A. Yes, sir.

"Q. And he had made sales to Mr. Capo?

"A. Yes, sir.

"Q. And now you say he told you that Bourg was 'big time'?

"A. He was getting his stuff from Bourg."

Appellant's first ground of error is overruled. See, e. g., Verret v. State, Tex.Cr. App., 470 S.W.2d 883.

■ Appellant's final ground of error asserts that State's Exhibit No. 6 was not properly identified.

The record shows the following:

"Q. You marked the evidence?

"A. Yes, sir.

"Q. Would you examine State's Exhibit Number Four, Five and Six and tell me whether or not those three bags could be identified, just the bags?

"A. Yes, sir. I have the date and my initials, the time and Officer Capo's initials."

No error is shown.

The judgment is affirmed.

## APPELLANT'S MOTION FOR REHEARING

Rehearing denied.

ONION, Presiding Judge (concurring).

The majority overrules appellant's motion for rehearing without written opinion. I concur in the result, but feel compelled, in light of the motion for rehearing, to state my reasons for so doing.

The testimony reflects that the appellant was referred to as "big time" and as "the biggest marihuana character in Jefferson County." Unquestionably, counsel, in his jury argument, may make reasonable deductions from the evidence. The complained of argument here by the prosecutor at the guilt stage of the trial was that the appellant "is just as big a pusher *as we have ever had in Jefferson County* . . ." (Emphasis supplied.) From this statement of historical fact the jury could infer the prosecutor had knowledge because of his position as an assistant district attorney. The assertion is not supported by the record nor is it a reasonable deduction from the evidence. This was the basis of the objection to which the court responded: "The jury will evaluate the arguments [1] to the jury, counsel." Such remark of the court would appear only to compound the error.

The opinion on original submission observed that the appellant failed to get a ruling on his objection.

On rehearing appellant contends that the magic words of "sustained" or "overruled" are not absolutely essential to a ruling and cites City Transportation Co. v. Sisson, 365 S.W.2d 216, 220 (Tex.Civ.App.1963) in which the court's statement: "Process is open to all of them. Let's proceed" was held to constitute a ruling.

If it can be argued that the court's statement in the instant case constituted a ruling as urged by the appellant, then it must

[1]. The court may well have meant "evidence" instead of "arguments." Trial courts are frequently confronted with objections that jury argument is outside the record, which objections are countered with the claim the argument is a reasonable deduction from the evidence. After a concise ruling it is often good practice

for the trial court to instruct the jury that while counsel may make reasonable deductions from the evidence that argument of counsel is not evidence and should not be considered as such, that the jurors are the judges of the facts, the credibility of the witnesses and weight to be given to their testimony.

be observed that the appellant must have been satisfied with such ruling since he requested no further relief in the form of a jury instruction to disregard or a motion for mistrial.

While the argument was improper, I cannot agree, under the circumstances, that reversible error is presented.

DOUGLAS, J., joins in this concurrence.