FILED IN
COURT OF CRIMINAL APPEALS

October 28, 2015

ABEL ACOSTA, CLERK

PD-0445-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/26/2015 3:17:19 PM
Accepted 10/28/2015 1:27:35 PM
ABEL ACOSTA
CLERK

No. PD-0445-15

_____

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

_____

THE STATE OF TEXAS,
Appellant,

v.

DAVID FREDERICK CARY,
Appellee.

_____

From the Court of Appeals, Fifth District of Texas at Dallas
Court of Appeals No. 05-13-01010-CR

_____

## STATE'S REPLY BRIEF

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

**\*Lead Appellate Counsel**

**\*JOSEPH P. CORCORAN**
Assistant Attorney General
Supervising Attorney
for Non-Capital Appeals
State Bar No. 00793549
Joseph.Corcoran@TexasAttorneyGeneral.gov

CARA HANNA
Assistant Attorney General

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-1400
Facsimile: (512) 936-1280

_____

ATTORNEYS FOR THE STATE

# IDENTITY OF PARTIES AND COUNSEL

To assist this Honorable Court in determining disqualification and recusal, the State certifies the following is a complete list of the parties and their attorneys in accordance with Texas Rule of Appellate Procedure 38.1(a).

## 1.    Counsel for the State

JOSEPH P. CORCORAN
(this proceeding)
Assistant Attorney General
Texas Bar Number 00793549

JESSICA M. MANOLOVICH
(argument, this proceeding)
Assistant Attorney General
Texas Bar Number 24055632

GRETCHEN MERENDA
(Dallas Court of Appeals)
Assistant Attorney General
Texas Bar Number 24010233

CARA HANNA
(argument, Dallas Court of Appeals)
Assistant Attorney General
Texas Bar Number 24055622

ELIZABETH GOETTERT
(Dallas Court of Appeals)
Assistant Attorney General
Texas Bar Number 24036646

HARRY WHITE
(trial court)
(Former) Assistant Attorney General
Texas Bar Number 24013740

CATHERINE E. CHOPIN
(trial court)
(Former) Assistant Attorney General
Texas Bar Number 24055307

P.O. Box 12548, Capitol Station
Austin, Texas  78711

i

2. **Appellee**
   DAVID CARY

3. **Counsel for Appellee on appeal and in this proceeding**
   JOHN M. HELMS
   Texas Bar Number 09401001
   Broden, Mickelsen, Helms & Snipes LLP
   2600 State Street
   Dallas, TX 75204

4. **Counsel for Appellee at trial**
   KERRY LAWSON PEDIGO
   Texas Bar Number 15716500
   8401 North Central Expressway
   Suite 630
   Dallas, Texas, 75225

5. **Trial Court Judge**
   THE HONORABLE JOHN R. NELMS

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ............................................. i

TABLE OF CONTENTS ................................................................. iii

INDEX OF AUTHORITIES ............................................................. v

STATEMENT OF FACTS ................................................................ 2

STATEMENT OF THE ISSUES PRESENTED IN THIS REPLY .......... 2

SUMMARY OF THE ARGUMENT ................................................... 2

ARGUMENT ................................................................................ 3

I.    ISSUE ONE AND TWO: The Lower Court Erred Because a Reasonable Juror Could Have Found that Appellee Did Not Intend the Payments to Constitute "Political Contributions," Irrespective of How the Money was Ultimately Spent, and the Evidence Was Legally Sufficient to Support the Jury's Verdicts for Bribery. ............................................................ 3

    A.    The lower court erred in reviewing the sufficiency of the evidence based upon an outdated and improper standard of review. ................................................ 4

    B.    The lower court erred in ignoring the testimony elicited by Appellee that these payments were *not* political contributions, and in affording weight to the State's arguments at trial ....................................................... 7

    C.    The lower court erred in holding that the intent required for bribery is intertwined with the intent that defines a political contribution. .................................. 9

# TABLE OF CONTENTS, Continued

II.   ISSUE THREE: The Lower Court Erred in Finding Insufficient Evidence to Support Appellee's Convictions for Engaging in Organized Criminal Activities (EOCA) and Money Laundering. ......................................................................... 13

PRAYER FOR RELIEF ................................................................. 14

CERTIFICATE OF SERVICE ......................................................... 15

CERTIFICATE OF COMPLIANCE WITH TEXAS RULE OF APPELLATE PROCEDURE 9.4 ........................................................ 16

# INDEX OF AUTHORITIES

## Cases

*Bourg v. State*, 484 S.W.2d 724, 726 n.1 (Tex. Crim. App. 1972) ............7

*Brooks v. State* 323 S.W.3d 893 (Tex. Crim. App. 2010) .....................5, 6

*Butler v. State*, 769 S.W.2d 234 (Tex. Crim. App. 1989).........................5

*Carlsen v. State*, 654 S.W.2d 444 (Tex. Crim. App. 1983).......................5

*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) ........................5

*Delay v. State* 443 S.W.3d 909 (Tex. Crim. App. 2014)...........................5

*Denby v. State*, 654 S.W.2d 457 (Tex. Crim. App. 1983).........................5

*Freeman v. State*, 654 S.W.2d 450 (Tex. Crim. App. 1983).....................5

*Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991) ........................5

*Jackson v. Virginia*, 443 U.S. 307 (1979).....................................2, 5, 6, 9

*Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000) ........................5

*Wilson v. State*, 654 S.W.2d 465 (Tex. Crim. App. 1983) ........................5

## Statutes

Tex. Election Code § 251.001 ................................................................10

Tex. Penal Code § 36.02 .............................................................. *passim*

## STATEMENT OF FACTS

The State relies upon the Statement of Facts presented in its opening brief in this proceeding ("St. Br."), as well as the statement of facts provided in the State's response to Appellee's brief in the lower court. St. Br. at 3–6; *David v. Cary*, No. 05-13-01010-CR, "State's Brief" at 2–48.

## STATEMENT OF THE ISSUES PRESENTED IN THIS REPLY

1.   The lower court erred because a reasonable juror could have found that Appellee did not intend the relevant payments to Spencer to constitute "political contributions," irrespective of how those payments were ultimately spent by Wooten, and the evidence was legally sufficient to support the jury's verdicts.

2.   The lower court erred in finding insufficient evidence to support Appellee's convictions for engaging in organized criminal activity and money laundering.

## SUMMARY OF THE ARGUMENT

In the interest of judicial economy, the State primarily relies on its opening brief and submits the instant abbreviated reply to Appellee's brief in response. Firstly, in failing to address the lower court's erroneous application of the standard for sufficiency of the evidence in *Jackson v. Virginia*, 443 U.S. 307 (1979), Appellee concedes this point of error.

Additionally, both the lower court and Appellee mistakenly fuse together the intent required for making a political contribution, with the intent required to commit the criminal offense of bribery. For these reasons, and those previously asserted by the State, this Court should reverse the lower court's ruling and affirm Appellee's convictions.

## ARGUMENT

I. **ISSUES ONE AND TWO: The Lower Court Erred Because a Reasonable Juror Could Have Found that Appellee Did Not Intend the Payments to Constitute "Political Contributions," Irrespective of How the Money Was Ultimately Spent, and the Evidence Was Legally Sufficient to Support the Jury's Verdicts for Bribery.**

For purposes of this appeal, the question is whether a reasonable juror could conclude, beyond a reasonable doubt, that the payments made by Appellee were not "political contributions." Once again, the State charged Appellee under Sections 36.02(a)(1) and (a)(2) of the Penal Code, which thus triggered Section 36.02(d):

> It is an exception to the application of Subdivisions (1), (2), and (3) of Subsection (a) that the benefit is a political contribution as defined by Title 15, Election Code, or an expenditure made and reported in accordance with Chapter 305, Government Code.

Tex. Penal Code § 36.02(d); *see id.* at § 2.02 (a), (b).[1]

### A. The lower court erred in reviewing the sufficiency of the evidence based upon an outdated and improper standard of review.

Both the lower court and appellee mistakenly emphasize that the State's evidence in connecting the payments from Appellant and his wife to Wooten's benefit, indicates the State failed to prove all the elements of bribery—namely, failing to negate the exception that the transfers constituted political contributions. *See* Tex. Penal Code § 36.02(d). This single interpretation of the State's tracing of funds to Wooten's campaign purportedly demonstrates the impossibility that sufficient evidence supports the jury's verdict of guilty in Appellee's six counts of bribery. However, the adoption of this reasoning would—in application to future cases on appellate review—ultimately amount to requiring the State to negate ALL "outstanding reasonable hypothes[e]s inconsistent with the guilt of the accused"—a standard rejected by this Court nearly 25 years

---

[1] Where a statute expressly includes the provision, "It is an exception to the application of," the State "must negate the existence of [that] exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception."

4

ago. *Geesa v. State*,[2] 820 S.W.2d 154, 160–61 (Tex. Crim. App. 1991) (*en banc*), *overruled on other grounds by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).

Appellee does not contest that the lower court obliquely referenced the correct standard of review for the sufficiency of the evidence, as dictated in *Jackson v. Virginia*, 443 U.S. 307 (1979), through the court's citation to *Delay v. State*,[3] which, in turn, cited *Brooks v. State*.[4]

But, despite its indirect reference, the lower court failed to conduct its analysis under *Jackson*. More specifically, while citing evidence that

---

[2] In its opening brief, the State mistakenly identified *Geesa* as upholding the "reasonable-hypothesis-of-innocence analytical construct," and that such standard was overruled by *Paulson*, 28 S.W.3d 570. St. Br. at 32 fn. 23, 36–37. Rather, *Geesa* rejected this evidentiary standard of review (reviewing the record for evidence supporting any "outstanding reasonable hypothesis of innocence") for criminal cases based upon circumstantial evidence, and overruled this Court's prior cases supporting the use of that standard. *Geesa*, at 160–61 (citing as overruled *Carlsen v. State*, 654 S.W.2d 444 (Tex. Crim. App. 1983); *Freeman v. State*, 654 S.W.2d 450 (Tex. Crim. App. 1983); *Denby v. State*, 654 S.W.2d 457 (Tex. Crim. App. 1983); *Wilson v. State*, 654 S.W.2d 465 (Tex. Crim. App. 1983); *Butler v. State*, 769 S.W.2d 234 (Tex. Crim. App. 1989), "and their progeny to the extent they conflict with this opinion."). Also, the grounds upon which *Paulsen* overruled *Geesa* pertained to jury instructions on the definition of "beyond a reasonable doubt." *Paulson*, 28 S.W.3d at 573.

[3] 443 S.W.3d 909, 912 (Tex. Crim. App. 2014), *republished at* 465 S.W.3d 232 (Tex. Crim. App. 2014).

[4] 323 S.W.3d 893, 899–902, 911 (Tex. Crim. App. 2010) (discarding the factual sufficiency standard under *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) and holding the legal sufficiency standard set out in *Jackson* is to be used when reviewing any challenge to the sufficiency of the evidence).

supported the State's purported failure to negate the exception dictated in § 36.02(d), the lower court failed to appropriately "consider[ ] all of the evidence in the light most favorable to the verdict" to determine whether "a jury [was] rationally justified in finding guilt beyond a reasonable doubt." *Brooks*, 323 S.W.3d at 898–99 (citing *Jackson*, 443 U.S. at 319). As presented in the State's opening brief in this proceeding, the *Stacy Cary* panel—while not controlling upon this Court or the lower court— summarized the evidence in support of the jury's findings and verdict, thus properly applying *Jackson* in its review of the sufficiency of the evidence. St. Br. at 35 (citing *Stacy Cary*, 2014 WL 4261233 at *34); *see* St. Br. at 4–5 (providing record citations to evidence in support of sufficiency in the instant case, similar to the facts established in *Stacy*).

Because the lower court in the instant case failed to properly apply the correct standard of review for sufficiency of the evidence under *Jackson*, this Court should reverse the lower court's ruling and affirm Appellant's convictions for bribery.

B.     The lower court erred in ignoring the testimony elicited by Appellee that these payments were *not* political contributions, and in affording weight to the State's arguments at trial.

Both the lower court and Appellee assert that the State's theory of its case against Appellant—evidenced through the State's opening and closing arguments—demonstrates insufficient evidence to support the jury's verdict of guilty. Appellee's Brief ("A.B.") at 20, 24 n. 5, 25; *David Cary v. State*, 460 S.W.3d 731, 735–38 (Tex. App.–Dallas 2015). But again, arguments at trial do not comprise evidence, nor may the jury consider attorney opening or closing arguments as evidence. *See Bourg v. State*, 484 S.W.2d 724, 726 n.1 (Tex. Crim. App. 1972) ("After a concise ruling it is often good practice for the trial court to instruct the jury that while counsel may make reasonable deductions from the evidence *that argument of counsel is not evidence and should not be considered as such*, that the jurors are the judges of the facts, the credibility of the witnesses and weight to be given to their testimony.") (emphasis added).

Alternatively, should the State's theory as presented in its opening and closing arguments be considered as support for Appellee and his wife's payments constituted political contributions, so should Appellee's

7

defense theory presented at trial through the cross-examination of State witness James Stephen Spencer, also be considered as support for the jury's finding that these payments were *not* political contributions. *See* St. Br. at 10–14 (Appellee eliciting testimony that the Carys paid Spencer pursuant to a contract with—and services provided to—Stacy Cary (*e.g.*, 4 RR 173, 175, 153–56, 148–49; 5 RR 12–20, 118; *see generally* 4 RR 167–75); Appellee eliciting from Spencer affirmations that none of the payments from the Carys were, or could have constituted, political contributions (*e.g.*, 4 RR 172, 173, 174–75, 186–87; 5 RR 118)).

Moreover, the State elicited testimony from Spencer that the payments he received from Appellant's wife Stacy were for services he rendered, as generally described in a contract they entered together. 3 RR 194–95, 226–32, 237–68 (detailing the projects Spencer provided to Stacy); 4 RR 17–23. During the State's direct examination, Spencer also denied asking Appellee to make a campaign contribution to former-Judge Wooten (4 RR 128), and denied letting Stacy Cary know about Wooten (5 RR 93–102). Finally, State's witness John "Jay" Valentine testified that Spencer bragged several times that he "owned" Wooten. 8 RR 158–59.

8

Since *Jackson* provides that *all* the evidence is to be viewed in the light most favorable to the verdict, Spencer's and Valentine's testimony supports a rational juror's finding that the Carys' payments were not political contributions, and that the State thus negated the exception to the application of bribery, provided in § 36.02(d).

C. **The lower court erred in holding that the intent required for bribery is intertwined with the intent that defines a political contribution.**

As an initial matter, Appellee does not contest that it is unnecessary to prove a bilateral agreement between the recipient and the individual offering the bribe, in order for that individual to be convicted for bribery. *See* A.B. at 32–33. But—like the lower court—Appellee mistakenly asserts that the State presented evidence supporting only one of two theories of intent, each of which require Appellee's acquittals: (1) Appellee did not have the required intent for bribery if he "***did not*** intend for the transfers to be used for the Wooten campaign," or (2) that Appellee must have intended the transfers to be used in connection with Wooten's campaign, and thus the State failed to negate § 36.02(d). A.B. at 33–34 (emphasis in original); *see David Cary*, 460 S.W.3d at 736–38.

9

As to Appellee's first contention, his theory would mean that *any* benefit transferred to a "public servant"[5] or a target who possesses or will possess "official discretion in a judicial or administrative proceeding"— would constitute political contributions, if such benefits were bestowed closely to the recipient's campaign or campaign efforts. Appellee's theory thus effectively guts a significant portion of the bribery statute.

Regarding Appellee's latter theory, the State has never presented an argument that such a finding of intent requires a reversal of the lower court's ruling and acquittal, and thus an affirmation of Appellee's convictions.

But, as detailed in the State's opening brief, the requisite intent for bribery as defined by § 36.02(a)(1), (2), and (3), is wholly separate from the intent required under the definition of a campaign contribution under the Election Code. St. Br. at 17–26; *see* Tex. Election Code § 251.001(2), (3), (5), (6) (West. 2008). More specifically, a campaign contribution—

---

[5] Under section 1.07(41) of the Penal Code, in relevant part "'public servant' means a person *elected* . . . as one of the following, even if he has not yet qualified for office or assumed his duties: . . . an officer, employee, or agent of the government . . .; an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy; or . . . a candidate for nomination or election to public office[.]" *Id.* at (41)(A), (C), (E) (emphasis added).

encompassed within the definition of a political contribution—requires that some object of value is (a) directly or indirectly transferred to a candidate and (b) *intended for use* in connection with a campaign for elective office. *Id.*

Contrary to the first of Appellee's purported theories of intent for bribery, *supra*, sections 36.02(a)(1) and (2) require the State to *negate* the bribe-offeror's intention that the payments be used *in connection with the campaign* and, instead, prove that the offeror intended his offering to be *consideration for the recipient's action or exercise of discretion* as a public servant, or *action or exercise of official discretion* in a judicial proceeding. Stated another way, a rational juror—when viewing the evidence in the light most favorable to the verdicts—could find that Appellee did not possess the intention that his monies be earmarked for Wooten's campaign in some manner. Rather, a rational juror could have concluded that the State proved, beyond a reasonable doubt, that Appellee did not care how his money was spent, so long as Wooten was induced to run, continued campaigning for the bench for the 380th District Court of Collin County, or provided favorable rulings to him or his wife. Indeed,

11

such a finding by a rational juror is supported by Appellee's assertions that no evidence was presented to demonstrate: the Carys or Wooten knew or knew of each other; Wooten knew Spencer's source for fronting her campaign expenses under an alleged "turnkey agreement;" Appellee had any knowledge of Spencer's actions as Wooten's campaign manager; and that Appellee "was at all versed in the election law requirements" in relation to campaign funds or reporting. A.B. at 40–41, 44.

Stated another way: the State *could not* have proven the requisite intent for a political contribution, since neither Appellee, his wife, nor Wooten knew anything about each other, and Appellee was unaware of the laws governing campaign funding or reporting. Further, that the monies provided by Appellee and his wife were ultimately used in connection with Wooten's campaign bears no weight in reviewing the evidence of Appellee's intent *at the time* those transfers were made.

Lastly, Appellee argues that there is insufficient evidence to support the jury's guilty verdicts because Wooten recused herself or took neutral actions in the Carys' litigation once she assumed the bench. A.B. at 41–42. But this argument echoes Appellee's argument that no bribery

12

could have occurred without Wooten knowing or knowing of the Carys. And again: no bilateral agreement is required to prove up bribery as alleged in the instant case—only that Appellee *intended to obtain* some "decision, opinion, recommendation, vote, or other exercise of discretion as a public servant," or "other exercise of official discretion in a judicial" proceeding, through an offer, conferment or agreement of conferment, of a benefit for such action or inaction. § 36.02(a)(1), (2). Thus, whether or not the intended recipient knows, acknowledges, or agrees to take a certain action as a public servant or in a judicial proceeding, has no bearing on the proof required of the State—only that the offeror intends or knows that he is offering, conferring, or agreeing to confer upon someone else, a benefit in consideration for a specific action.

## II. ISSUE THREE: The Lower Court Erred in Finding Insufficient Evidence to Support Appellee's Convictions for Engaging in Organized Criminal Activity (EOCA) and Money Laundering.

The State and Appellee are in agreement that, should this Court reverse the lower court's ruling on sufficiency of the evidence and subsequent acquittal in Counts 2 through 7 (bribery), the lower court's reversal and acquittal of Appellee in his convictions for EOCA and money

13

laundering—both of which are predicated upon bribery—must also be reversed.  St. Br. at 38; A.B. at 47.

## PRAYER FOR RELIEF

For the foregoing reasons, the State respectfully requests that this Court reverse the lower court, and affirm Appellee's convictions on all counts.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

14

/s/ Joseph P. Corcoran
JOSEPH P. CORCORAN*
Supervising Attorney
  for Non-Capital Appeals
Criminal Appeals Division
State Bar No. 00793549
Joseph.Corcoran@TexasAttorneyGeneral.gov

CARA HANNA
Assistant Attorney General

P. O. Box 12548, Capitol Station
Austin, Texas  78711
Tel.: (512) 936-1400
Fax: (512) 936-1280

ATTORNEYS FOR THE STATE

*Lead Counsel

## CERTIFICATE OF SERVICE

Pursuant to Rule 9.5(b)(1) of the Texas Rules of Appellate Procedure, I do hereby certify that if the email address of attorneys designated below is on file with the electronic filing manager, a true and correct copy of the foregoing notice was served electronically by that electronic filing manager, on John Michael Helms Jr., Attorney for Appellee via electronic mail.

Moreover, I do hereby certify that if the email addresses for the designated attorney is not on file with the electronic filing manager, a

15

true and correct copy of the foregoing pleading was served by email, addressed to:

John Michael Helms Jr.
john@johnhelmslaw.com

/s/ Joseph P. Corcoran
JOSEPH P. CORCORAN
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE WITH
## TEXAS RULE OF APPELLATE PROCEDURE 9.4

This brief complies with Tex. R. App. Proc. 9.4(i)(D) in that it contains 3,018 words, as calculated pursuant to Tex. R. App. Proc. 9.1(i), in Microsoft Word 2013, Century, 14 points.

/s/ Joseph P. Corcoran
JOSEPH P. CORCORAN
Assistant Attorney General

16